Opinion filed March 3, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06—CF—3700 |
| JOE L. DENSON, | ) ) | Honorable Fred L. Foreman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Burke and Schostok concurred in the judgment and opinion.

**OPINION**

Defendant, Joe L. Denson, was charged with four counts of aggravated battery, based on four separate acts against Alan Lother, a peace officer (720 ILCS 5/12—4(b)(18) (West 2006)). Defendant was also charged with the aggravated battery of another officer, Terry Richards, and one count each of resisting a peace officer (Richards) (720 ILCS 5/31—1(a—7) (West 2006)) and disarming a peace officer (Richards) (720 ILCS 5/31—1a (West 2006)). The cause proceeded to a jury trial. At the jury instructions conference, the State requested that the jury be instructed separately on each alleged aggravated battery to Lother. However, the trial court gave the jury only one issues instruction on aggravated battery to Lother and a single set of verdict forms by which it could find defendant either guilty or not guilty of aggravated battery to Lother. Thus, in closing

argument, the State urged the jury to convict defendant of aggravated battery to Lother and "the second charge of aggravated battery *** [to] Sergeant Terry Richards" (along with the two other charges).

The jury found defendant guilty of the aggravated battery of Lother and not guilty of the charges involving Richards. The trial court sentenced defendant to four concurrent terms of three years' imprisonment. Defendant's motion to reconsider the sentences was denied, and he appealed.

On appeal, defendant contends that the trial court erred in entering four convictions and sentences based on a general verdict of guilty of aggravated battery. The State confesses error. The State also requests the award of a State's Attorney fee under section 4—2002(a) of the Counties Code (55 ILCS 5/4—2002(a) (West 2008)) for defending the appeal. Defendant responds that section 4—2002(a) is inapplicable because the appeal has been defended not by the State's Attorney but by the State's Attorneys Appellate Prosecutor (SAAP). For the reasons that follow, we vacate three of defendant's four convictions of aggravated battery and decline to award the section 4—2002(a) fee.

Defendant was charged with four counts of aggravated battery to Lother, but the trial court provided only one issues instruction and only one set of verdict forms relating to aggravated battery to Lother. Therefore, in its closing argument, the State conceded that only one charge of aggravated battery to Lother was before the jury. Of course, the jury returned only one such verdict. Therefore, defendant could be convicted of only one count of aggravated battery to Lother. See *People v. Crespo*, 203 Ill. 2d 335, 344 (2001) (multiple acts will not support multiple convictions of offense if State's argument to jury shows intent to treat all such acts as one offense). We vacate defendant's last three convictions of, and sentences for, aggravated battery. Although defendant did not raise this

issue in the trial court, we may correct a plain error that affects substantial rights. Ill. S. Ct. R. 615(a) (eff. Aug. 27, 1999); see *People v. Carter*, 213 Ill. 2d 295, 299 (2004).

Defendant contests the State's fee request per section 4—2002(a) of the Counties Code, which entitles the State's Attorney to $50 "[f]or each case of appeal taken from his county or from the county to which a change of venue is taken to his county to the Supreme or Appellate Court when prosecuted or defended by him." 55 ILCS 5/4—2002(a) (West 2008). Defendant argues that, because the SAAP represented the State on this appeal, the appeal was not prosecuted or defended by the State's Attorney. We are denying the fee on other grounds, *i.e.*, that the State did not "defend" the appeal as required by section 4—2002(a) of the Counties Code. In *People v. Williams*, 235 Ill. 2d 286 (2009), the defendant raised four issues on direct appeal; the State defended three of the four issues and confessed error as to one issue. The defendant then challenged the State's request for fees, because the State had confessed error as to that issue. *Williams*, 235 Ill. 2d at 289. Our supreme court held that the State may recover costs on appeal when the defendant is partially successful. *Williams*, 235 Ill. 2d at 297. In the current matter, defendant presented one issue on appeal, and the State confessed error as to the issue. In other words, the State did not "defend" this appeal; rather, all it did was concede error. This court would have considered defendant's contention of error even if the State had not filed an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (stating that, if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the reviewing court should decide the merits of the appeal). We, therefore, deny the State's request for fees.

The judgment of the circuit court of Lake County is affirmed in part and vacated in part.

Affirmed in part and vacated in part.