2016 IL App (4th) 131096

NO. 4-13-1096

FILED
April 26, 2016
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| WILLIAM HIBLE, | ) | No. 05CF508 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael D. Clary, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.

Justices Holder White and Pope concurred in the judgment and opinion.

**OPINION**

¶ 1   In August 2005, the State charged defendant, William Hible, with aggravated battery for an alleged battery on August 20, 2005. In June 2007, defendant pleaded guilty and the trial court sentenced him to two years in prison. In December 2011, defendant filed a section 2-1401 (735 ILCS 5/2-1401 (West 2010)) petition claiming actual innocence and ineffective assistance of counsel. In January 2012, the trial court denied the petition *sua sponte*. The decision was appealed as premature, and the appellate court remanded with directions for further proceedings. *People v. Hible*, No. 4-12-0171 (July 9, 2013) (unpublished order under Supreme Court Rule 23). In August 2008, defendant filed an addendum to his *pro se* petition. In October 2013, the trial court dismissed the petition for want of prosecution. This appeal followed.

¶ 2                                    I. BACKGROUND

¶ 3       On August 20, 2005, the State charged defendant with aggravated battery (720 ILCS 5/12-4(a) (West 2004)).  In June 2007, he entered a fully negotiated plea and the trial court sentenced defendant to two years in prison with credit for 121 days served.  The trial court did not mention any fines when it sentenced defendant.  The circuit clerk assessed several costs against defendant.  The relevant costs include the following:  (1) $50 for court costs (55 ILCS 5/5-1101(c) (West 2004)), (2) $2 for the "Anti-Crime Fund" (730 ILCS 5/5-6-3(b)(13) (West 2004)) (3) $4 for "Youth Diversion" (55 ILCS 5/5-1101(e) (West 2004)), and (4) $20 for the Violent Crime Victims Assistance Act (Act) (725 ILCS 240/10 (West 2004)).  In April 2008, defendant was released on parole and later discharged without incident.

¶ 4       In December 2011, defendant filed a writ of error *coram nobis*.  Writs of error *coram nobis* were abolished in 1946.  Pursuant to the statute, the trial court accepted the writ as a petition for relief from judgment.  735 ILCS 5/2-1401 (West 2010).  In defendant's petition, he claimed he was actually innocent and his attorney had a conflict of interest by representing defendant and a codefendant in the same case, resulting in ineffective assistance of counsel.  The trial court denied defendant's petition *sua sponte* and found it to be untimely and without merit.

¶ 5       In February 2012, defendant appealed the trial court's decision.  This court vacated and remanded, finding the trial court erroneously decided the case before it was ripe for adjudication.  *People v. Hible*, 2013 IL App (4th) 120171-U.  On remand, the trial court dismissed defendant's petition for want of prosecution because defendant failed to serve the State and it was ripe for adjudication.  This appeal followed.

¶ 6                                II. ANALYSIS

¶ 7       On appeal, defendant does not challenge the trial court's denial of his petition for section 2-1401 relief.  Instead, defendant argues, and the State agrees, (1) fines were improperly imposed by the circuit clerk, and (2) defendant is entitled to presentence credit toward any new

fines imposed on remand. The State requests a $50 fee for defending this appeal. We agree with the parties on the first two issues but decline to award the State its statutory fee for defending the appeal. Since the trial court will be recalculating and reimposing fines, we need not address the State's issue of overpayment or refund to defendant.

¶ 8                                    A. Fines Entered by the Circuit Clerk

¶ 9            As a preliminary matter, both parties challenge the entry of fines by the circuit clerk for the first time on appeal. Fines levied by the circuit clerk are void. *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56, 10 N.E.3d 959; see also *People v. Gutierrez*, 2012 IL 111590, ¶ 14, 962 N.E.2d 437 (discussing improperly imposed fees as void).

¶ 10           The Illinois Supreme Court recently abolished the "void sentence rule" established in *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995), which held any judgment failing to conform to a statutory requirement was void. *People v. Castleberry*, 2015 IL 116916, ¶ 1, 43 N.E.3d 932. A sentence is only void if it is entered without personal jurisdiction or subject-matter jurisdiction. *Id.* ¶ 12.

¶ 11           *Castleberry* does not change the outcome here. Fines imposed by the circuit clerk are still void. The Illinois Constitution grants original jurisdiction to the circuit courts. Ill. Const. 1970, art. VI, § 9. The clerk of court, under the same article, is explicitly referred to as a nonjudicial officer. *Castleberry*, 2015 IL 116916, ¶ 18, 43 N.E.3d 932; *Walker v. McGuire*, 2015 IL 117138, ¶ 15, 39 N.E.3d 982 (quoting *County of Kane v. Carlson*, 116 Ill. 2d 186, 200, 507 N.E.2d 482, 486 (1987)). The distinction between judicial and nonjudicial officers was described in *Hall v. Marks*, 34 Ill. 358, 363 (1864), as follows:

> "It would be a perversion of language to call a clerk of a
> court a judicial officer. He is attached to the judicial department,
> but is only a ministerial officer of a court. *** Every order or

- 3 -

judgment he can lawfully enter[] is the judicial sentence of the court. He possesses *no power or jurisdiction* to render a judgment, but only to enter it under the express or implied order of the judge, in the exercise of judicial power. \*\*\* The judgment \*\*\* rendered by him \*\*\* is, therefore, unauthorized and *void*." (Emphases added).

While the circuit court has original jurisdiction, jurisdiction for sentencing is limited to the judge. The circuit clerk is prohibited from entering judgment. Since *Marks*, courts have followed its prohibition on nonjudicial officers and other branches of government entering judgments. See, *e.g.*, *Bottom v. City of Edwardsville*, 308 Ill. 68, 72-73, 139 N.E. 5, 7 (1923) (applying *Marks* to a void injunction issued by a master in chancery); *People ex rel. Isaacs v. Johnson*, 26 Ill. 2d 268, 270-74, 186 N.E.2d 346, 347-49 (1962) (holding several tax laws unconstitutional that directed the court clerk to enter judgments); *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6, 16, 605 N.E.2d 544, 550 (1992) (holding the rendering of judgment independent from the ministerial function of the court clerk's entry); *Palumbo Bros.*, *Inc. v. Wagner*, 293 Ill. App. 3d 756, 765, 688 N.E.2d 837, 843 (1997) (acknowledging unconstitutionality in permitting court clerks to enter judgments); *Gutierrez*, 2012 IL 111590, ¶ 14, 962 N.E.2d 437 (acknowledging a fee entered by the court clerk was without authority and therefore void).

¶ 12        Prior cases on fines and fees refer to the clerk's lack of jurisdiction, rather than the abolished void sentence rule in *Castleberry*. This court has held the clerk of court is a nonjudicial officer and has " 'no power to impose sentences or levy fines.' " *People v. Swank*, 344 Ill. App. 3d 738, 748, 800 N.E.2d 864, 871 (2003) (quoting *People v. Scott*, 152 Ill. App. 3d 868, 873, 505 N.E.2d 42, 46 (1987)); see also *Gutierrez*, 2012 IL 111590, ¶ 14, 962 N.E.2d 437 (fee entered by court clerk was without authority and therefore void); *People v. Alghadi*, 2011 IL

- 4 -

App (4th) 100012, ¶ 20, 960 N.E.2d 612; *People v. Williams*, 2013 IL App (4th) 120313, ¶ 16, 991 N.E.2d 914, 918; *Larue*, 2014 IL App (4th) 120595, ¶ 56, 10 N.E.3d 959. Fines imposed by the clerk of court are void. Each referenced fine entered by the clerk and not by the trial court is void.

¶ 13    Under a section 2-1401 petition, void judgments can be challenged beyond the two-year time limit. *People v. Gosier*, 205 Ill. 2d 198, 206, 792 N.E.2d 1266, 1271 (2001); 735 ILCS 5/2-1401(c), (f) (West 2010). A void judgment is one entered without jurisdiction and can be challenged " 'at any time or in any court, either directly or collaterally.' " *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103, 776 N.E.2d 195, 201 (2002) (quoting *Barnard v. Michael*, 392 Ill. 130, 135, 63 N.E.2d 858, 862 (1945)). This court has jurisdiction to address this issue for the first time on appeal.

¶ 14    The determination of whether the circuit clerk imposed a fine against defendant is an issue of statutory construction and is reviewed *de novo*. *People v. Warren*, 2014 IL App (4th) 120721, ¶ 92, 16 N.E.3d 13 (citing *People v. Gutman*, 2011 IL 110338, ¶ 12, 959 N.E.2d 621). Fines and fees are two distinct charges. A fee is a charge designed to recoup the State's expenses, while a fine " 'is a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense.' " *Id*. ¶ 86, 16 N.E.3d 13 (quoting *People v. Graves*, 235 Ill. 2d 244, 250, 919 N.E.2d 906, 909 (2009)). The circuit clerk can levy fees on a defendant, but only the trial court can impose fines on a defendant. *People v. Smith*, 2014 IL App (4th) 121118, ¶ 18, 18 N.E.3d 912.

¶ 15                    1. *Court Fee*

¶ 16    Both defendant and the State agree the $50 court fee is a fine. This court previously determined this issue in *Smith*. In *Smith*, this court held the $50 court finance fee (55 ILCS 5/5-1101(c) (West 2008)) was actually a fine and only the trial court could impose it.

*Smith*, 2014 IL App (4th) 121118, ¶ 54, 18 N.E.3d 912. We vacate this fine and direct the trial court to reimpose it on remand.

¶ 17                                                2. *Anti-Crime Fund*

¶ 18          Defendant and the State both agree the $2 Anti-Crime Fund charge is a fine and should not be reimposed against defendant. This court addressed this issue in *People v. Jernigan*, 2014 IL App (4th) 130524, 23 N.E.3d 650. There, we held the Anti-Crime Fund charge was a fine. *Id.* ¶ 48. We also noted this fine can only "be imposed only as a condition of probation." *Id.* (citing 730 ILCS 5/5-6-3(b)(13) (West 2008)). Here, (1) the Anti-Crime Fund was improperly imposed by the circuit clerk and (2) defendant was sentenced to prison, not probation. We vacate this fine and it should not be imposed on remand.

¶ 19                                                3. *Youth Diversion Fund*

¶ 20          The State and defendant agree the charge for the youth diversion program is a fine. In *Graves*, 235 Ill. 2d at 251, 919 N.E.2d at 910, the Illinois Supreme Court agreed. The circuit clerk improperly imposed this fine. We vacate the youth diversion fine and direct the trial court to reimpose the fine on remand.

¶ 21                                                4. *Act*

¶ 22          The State and defendant agree on recalculating this charge, but disagree on the recalculated value. The Act (725 ILCS 240/10 (West 2004)), at the time of the offense (August 20, 2005), directed the court to add a fine of $4 for every $40 of fines imposed against defendant. We agree this fine should be recalculated and leave it to the trial court and the parties to determine the exact value on remand.

¶ 23                                                5. *Lump-Sum Surcharge*

¶ 24          In addition to the charges challenged by defendant, the State argues the court should add a mandatory lump-sum surcharge to defendant's fines. The lump-sum surcharge adds

an additional $5 fine for every $40 in fines imposed on defendant. 730 ILCS 5/5-9-1(c) (West 2004). This court determined this provision is a fine. *Warren*, 2014 IL App (4th) 120721, ¶ 122, 16 N.E.3d 13. Pursuant to the supreme court's holding in *Castleberry*, the State's basis for appeal in criminal cases is now limited to those enumerated in Illinois Supreme Court Rule 604(a) (eff. Dec. 3, 2015). *Castleberry*, 2015 IL 116916, ¶ 21, 43 N.E.3d 932. The State cannot argue for additional penalties to add to the sentencing order. *Id.* ¶ 22 ("appellee *** may not 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary' " (quoting *United States v. American Ry. Express Co.,* 265 U.S. 425, 435 (1924))). The lump-sum surcharge was never imposed originally. Since the lump-sum charge constitutes a fine, it is deemed a penalty. Pursuant to *Castleberry*, we decline to make any order regarding this fine.

¶ 25                          B. Defendant's Presentence Credit

¶ 26          Defendant argues, and the State concedes, he is entitled to presentence credit on remand for any creditable fines reimposed. When incarcerated on a bailable offense, a defendant is entitled to a $5-per-day credit up to the value of a fine levied against him. 725 ILCS 5/110-14(a) (West 2004). The total value of defendant's credit cannot exceed the value of any fines levied against him. *Id.* The trial court credited defendant for 121 days of presentence incarceration, which means defendant is entitled to a credit of $605 toward any creditable fines against him. The trial court should apply this amount to any reimposed or recalculated creditable fines on remand.

¶ 27                          C. State's Attorney Fee

¶ 28          The State requests the State's Attorney fee as costs (55 ILCS 5/4-2002 (West 2014)). The review of the State's entitlement to the fee is an issue of statutory construction, which we review *de novo*. *People v. Williams*, 235 Ill. 2d 286, 291, 920 N.E.2d 1060, 1063

- 7 -

(2009).  When the State defends an appeal, it is entitled to collect a statutory fee as costs.  55 ILCS 5/4-2002 (West 2014).  If, on appeal, the judgment is in favor of the State, the reviewing court can assess the statutory fee directly against the defendant.  *Id.*  The defendant must be successful in challenging every aspect of relief sought to prevent the State from assessing the statutory fee against him.  *Williams*, 235 Ill. 2d at 297, 920 N.E.2d at 1066-67.

¶ 29       The State relies on *Williams* for imposing the statutory State's Attorney fee as costs on appeal.  In *Williams*, the defendant raised four issues on appeal, and the State conceded one of them.  *Id.* at 289, 920 N.E.2d at 1062.  The State won on the other three issues in the case.  *Id.* at 290, 920 N.E.2d at 1062.  The Illinois Supreme Court concluded the State was entitled to collect its fee because it was partially successful on the remaining issues on appeal.  *Id*. at 297, 920 N.E.2d at 1066.

¶ 30       Defendant counters *Williams* by relying on *People v. Denson*, 407 Ill. App. 3d 1039, 946 N.E.2d 933 (2011) (Second District).  In *Denson*, the defendant appealed a single issue and the State conceded that issue.  *Id.* at 1041, 946 N.E.2d at 934.  The State requested a fee on appeal, but the court refused to award one.  *Id*. at 1041, 946 N.E.2d at 935.  The court concluded the State did nothing to "defend" the issue on appeal and was not entitled to the statutory fee as a result.  *Id.*  "Defend" is defined as, "[t]o deny, contest, or oppose." Black's Law Dictionary 482 (9th ed. 2009).  This definition supports the court's reasoning in *Denson*.

¶ 31       We agree with defendant and apply the *Denson* court's analysis.  Here, all parties, and this court, agree with the issues raised by defendant.  The State is not "defending" any claims made on appeal.  The State wants to add the lump-sum surcharge to defendant's fines on remand, but this is not an argument against defendant's claim of error by the circuit clerk.  The State is barred from making this claim on appeal.  *Castleberry*, 2015 IL 116916, ¶ 22, 43 N.E.3d 932.  In other words, the State has failed to successfully "defend" any issue before this court and we deny

its request for the statutory fee as costs.

¶ 32                    III. CONCLUSION

¶ 33         We affirm the trial court's denial of defendant's section 2-1401 petition.  We

vacate the court finance fee, the anti-crime fund fine, the youth diversion fine, and the Act fine.

On remand, the parties should supply the trial court with the briefs on appeal.  We direct the trial

court to reimpose the appropriate fines against defendant and determine the Act fine after all

other proper fines are imposed.  The trial court should apply defendant's presentence credit to the

resulting creditable fines.  The State is not entitled to recover its statutory assessment where it

conceded defendant's issue on appeal.

¶ 34         Affirmed in part and vacated in part; cause remanded with directions.