2016 IL App (3d) 150417

Opinion filed July 28, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-15-0417 |
| v. | ) ) | Circuit No. 12-CF-115 |
| DONALD JEROME WADE, | ) ) ) | Honorable Kevin Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice Carter concurred in the judgment and opinion.
Justice Schmidt concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1        Defendant, Donald Jerome Wade, argues on appeal that this cause must be remanded for a proper entry of an order of enumerated costs. Defendant does not challenge his conviction or sentence of imprisonment. Because the circuit clerk improperly imposed certain fines, we remand for entry of such an order.

¶ 2                                                FACTS

¶ 3        Defendant pled guilty to retail theft (720 ILCS 5/16-25(a)(1) (West 2012)) and was sentenced to a term of 5½ years' imprisonment. The circuit court ordered that defendant be given

credit for time served in custody prior to sentencing from February 2 to February 4, 2012, and from December 31, 2012, to January 4, 2013. The circuit court did not order that a fine be imposed but ordered that a judgment for costs be entered against defendant.

¶ 4      A sheet entitled "History Payments" appears in the record. The payments sheet is signed by a deputy circuit clerk and bears the seal of the circuit court of Peoria County. The payments sheet lists the total assessments as $921.50. Each individual assessment is identified by a four-letter code. The sheet indicates that no money is currently owing.

¶ 5                                                          ANALYSIS

¶ 6      In the instant appeal, defendant argues that this cause must be remanded for a proper entry of an order of enumerated costs because the circuit clerk imposed certain fines, the authorization of some of the assessments is not clear from the record, and defendant did not receive credit for the time he spent in presentence custody. Because we find that some of the assessments imposed by the circuit clerk were fines and therefore void, we remand this cause for the entry of a proper order of fines and fees.

¶ 7      Defendant failed to preserve this issue by raising it in the trial court. However, defendant alleges that the circuit clerk improperly imposed fines. "Because the imposition of a fine is a judicial act, and the circuit clerk has no authority to levy fines, any fines imposed by the circuit clerk are void from their inception." *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56.

¶ 8      The only evidence in the record of the assessments imposed in this case is the payments sheet, which identifies the assessments by four-letter codes. Defendant asks that we take judicial notice of a document included in the appendix of his appellate brief entitled "Meaning of Fines and Fees." This document contains a key in which the names of various monetary assessments are listed along with their corresponding four-letter codes. We take judicial notice of this

2

document, as it bears the seal of the Peoria County circuit clerk. See *People v. Jimerson*, 404 Ill. App. 3d 621, 634 (2010) ("[A] reviewing court may take judicial notice of public records and other judicial proceedings.").

¶ 9        According to the "Meaning of Fines and Fees" document, several assessments that have been found by Illinois courts to be fines were improperly assessed by the circuit clerk. The fines included, but were not limited to: (1) the $50 court fund fee (55 ILCS 5/5-1101(c)(1) (West 2012)); (2) the $5 drug court fund fine (55 ILCS 5/5-1101(f) (West 2012)); and (3) the $15 State Police Operations Assistance Fund fine (705 ILCS 105/27.3a(1.5) (West 2012)).

¶ 10        Contrary to the State's position, defendant is not precluded from challenging fines imposed by the circuit clerk as void by our supreme court's decision in *People v. Castleberry*, 2015 IL 116916. The *Castleberry* court abolished the void sentence rule, reasoning that circuit *courts* do not derive their authority from statute but rather are granted general jurisdiction by the constitution. *Id.* ¶¶ 18-19. As a circuit *clerk* is a nonjudical officer and has no jurisdiction to sentence criminal defendants, the holding of *Castleberry* does not apply to the unauthorized imposition of fines by a circuit clerk. *People v. Hible*, 2016 IL App (4th) 131096, ¶¶ 11-12.

¶ 11        Additionally, defendant requests that his $5-per-day presentence incarceration credit for the eight days he spent in custody prior to sentencing—which totals $40—be applied against all applicable fines. The $5-per-day presentence incarceration credit is not subject to forfeiture and may be raised for the first time on appeal. *People v. Woodard*, 175 Ill. 2d 435, 457-58 (1997).

¶ 12        Accordingly, we vacate all of the fines and fees and remand the cause with the following directions: the trial court should impose each proper fine, fee, assessment, and court cost, setting forth in a written order the statutory authority for each one. The trial court should also offset

defendant's fines by the $40 presentence incarceration credit and calculate the refund, if any, that is due to defendant.

¶ 13                                     CONCLUSION

¶ 14        The fines and fees imposed by the circuit clerk are vacated, and the cause is remanded to the circuit court of Peoria County for further proceedings consistent with this opinion.

¶ 15        Vacated and remanded with directions.

¶ 16        JUSTICE SCHMIDT, concurring in part and dissenting in part.

¶ 17        I concur in the limited portion of the majority decision that finds the circuit clerk improperly assessed fines against defendant, and, as a result, the fines were void and should be vacated.

¶ 18        I respectfully dissent from that portion of the majority decision remanding the matter for the reimposition of the vacated fines. In the instant case, the trial court was required to impose certain fines against defendant but did not. Fines are part of a criminal sentence. *People v. Graves*, 235 Ill. 2d 244, 250 (2009). In *Castleberry*, our supreme court held that the appellate court may not increase a sentence on appeal, even one that is illegally low. *Castleberry*, 2015 IL 116916, ¶ 26. The *Castleberry* court concluded that the only recourse to correct an illegally low sentence was for the State to seek a writ of *mandamus*. *Id.* To remand this cause for the reimposition of vacated fines would be to improperly increase defendant's sentence on appeal.

¶ 19        As the majority correctly notes, the fines in this case were void not because they failed to conform with statutory requirements but because they were imposed without authority by the circuit clerk. *Castleberry*'s abolition of the void sentence rule, therefore, is of no consequence to the issue of whether the fines are void. However, I find *Castleberry* instructive on the issue of

4

whether we may remand for the imposition of fines never assessed by the trial court at sentencing.

¶ 20    Here, again, the trial court imposed a sentence that was illegally low by virtue of failing to assess mandatory fines. The fact that the circuit clerk's attempt to impose those fines is void does not change that. Regardless of what the circuit clerk did or did not do, the trial court imposed an illegally low sentence. So, this is where *Castleberry* comes in. The sentence imposed by the trial judge, like the one in *Castleberry*, while illegally low, is not void. So, what to do? The majority says to remand for the trial court to correct it. *Castleberry* suggests otherwise. *Id.* ¶¶ 24-26. I realize that the supreme court said the appellate court cannot increase a defendant's sentence "*at the request of the State.*" (Emphasis added.) *Id.* ¶ 25. But because of the change in the law, we are in the unique position of having defendant ask that his sentence be increased. I see no reason to punish defendant for making what was before *Castleberry* the standard argument regarding fines imposed by a circuit clerk. Furthermore, to remand at defendant's request would be to invite a postconviction petition alleging ineffective assistance of counsel. While *Castleberry* abolished the void sentence rule, it did not invent the notion that an appellate court cannot increase a defendant's sentence on direct appeal. Regardless of who is making the argument, to remand for the reimposition of fines would, in effect, grant relief to the State by increasing defendant's sentence in violation of *Castleberry* and Illinois Supreme Court Rule 615(b). If the State believes that it is worth the time and money to pursue these fines (less than $150), it must file a petition for writ of *mandamus* seeking an order requiring the trial court to impose the statutorily required fines. It seems to me that the economically rational thing to do is to vacate the fines and move on to the next case.

¶ 21   The following assessments listed on the payments sheet are fines and therefore void, because they were imposed without authority by the circuit clerk: (1) the $50 court fund fee (code "CRTU") (*Graves*, 235 Ill. 2d at 253); (2) the $5 drug court fund assessment (codes "DCRT" and "CADM") (*People v. Unander*, 404 Ill. App. 3d 884, 886 (2010)); (3) the $15 State Police Operations Assistance Fund assessment (code "SPOA") (*People v. Millsap*, 2012 IL App (4th) 110668, ¶ 31); (4) the criminal surcharge of $32.50 (code "SCHG") (730 ILCS 5/5-9-1(c) (West 2012); *People v. Irvine*, 379 Ill. App. 3d 116, 132-33 (2008)); (5) the $30 expungement of juvenile records assessment (labeled the "State Police Services Fund" on "Meanings of Fines and Fees" key with codes "CADF," "SAOJ," and "SPSF") (730 ILCS 5/5-9-1.17 (West 2012)); and (6) the $10 medical fee (code "MEDI") (*Larue*, 2014 IL App (4th) 120595, ¶ 57; 730 ILCS 125/17 (West 2012)).

¶ 22   The remaining assessments listed on the payments sheet are fees properly imposed by the circuit clerk. See *Hible*, 2016 IL App (4th) 131096, ¶ 14 (circuit clerk may levy fees). Several assessment codes that appear on the payments sheet do not appear on the key, including: "MAIL," "SPMB," "STAU," "VIOL," and "PROP." Because the basis for these assessments is unclear from the record and key, defendant has failed to meet his burden of establishing that these assessments are void fines imposed by the circuit clerk rather than fees properly imposed by the circuit clerk. See *People v. Carter*, 2015 IL 117709, ¶ 19 ("This court has long recognized that to support a claim of error, the appellant *** has the burden to present a sufficiently complete record such that the court of review may determine whether there was the error claimed by the appellant."). "Without an adequate record preserving the claimed error, the court of review must presume the circuit court's order conforms with the law." *Id.* Thus, we must

presume that the assessment codes not included in the key were fees properly imposed by the circuit clerk.

¶ 23    I acknowledge that this district and other appellate districts have continued to remand cases in which the circuit clerk improperly imposed fines to the circuit court for entry of a proper order for fines and fees even after our supreme court's decision in *Castleberry*. See, *e.g.*, *People v. Ford*, 2016 IL App (3d) 130650, ¶ 35; *Hible*, 2016 IL App (4th) 131096, ¶ 33. I respectfully disagree with these decisions insofar as they remand for the reimposition of vacated fines, which will increase the penalty.

¶ 24    The fines improperly imposed by the Peoria County circuit clerk as discussed above are vacated. Defendant also requests his $5-per-day presentence incarceration credit for the eight days he spent in custody prior to sentencing be applied to his fines. Because we have vacated defendant's fines, there remains nothing against which to apply the credit. This issue is moot.