2016 IL App (3d) 140418

Opinion filed April 27, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-14-0418 Circuit No. 13-CF-1893 |
| | ) | |
| PHILLIP A. STRONG, | ) ) | Honorable Carla Alessio-Policandriotes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Lytton and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Phillip A. Strong, challenges the imposition of certain monetary assessments against him following his conviction for aggravated driving while license suspended. We find that fines totaling $150 were improperly levied against defendant, and vacate those fines.

¶ 2                                    FACTS

¶ 3     Defendant was found guilty by a jury of aggravated driving while license suspended (625 ILCS 5/6-303(d-3) (West 2012)). On April 25, 2014, the trial court sentenced defendant to a term of four years' imprisonment. In announcing defendant's sentence, the trial court made no

mention of fines, stating only that "[j]udgment enters for costs of prosecution." Similarly, the court made no mention of fines in its written sentencing order.

¶ 4    Defendant subsequently filed a motion to reconsider sentence, which the trial court denied on May 19, 2014. Defendant filed a notice of appeal the next day. A sheet detailing various monetary assessments (fines and fees sheet) appears in the record, dated July 17, 2014. The fines and fees sheet lists 20 monetary assessments imposed against defendant. It does not bear a judicial signature.

¶ 5                                    ANALYSIS

¶ 6    On appeal, defendant does not challenge his conviction, but disputes the imposition of fines against him. Specifically, defendant contends that the imposition of those fines is void because: (1) at the time the fines were apparently imposed, the trial court no longer had jurisdiction, and (2) the circuit clerk does not have the authority to impose fines.

¶ 7    Initially, defendant has identified seven assessments from the fines and fees sheet that are classified as fines. Those assessments are: a $20 Violent Crime Victims Assistance Fund assessment, a $50 court systems fee, a $10 arrestee's medical costs fund assessment, a $15 State Police Operations Assistance Fund assessment, a $15 drug court fee, a $30 Children's Advocacy Center assessment, and a $10 State Police Services Fund assessment. Each of the assessments identified by defendant is, indeed, a fine. *People v. Johnson*, 2015 IL App (3d) 140364, (appendix) (collecting cases). These fines total $150.

¶ 8    It is well settled that the imposition of fines is a judicial act, and that a circuit clerk therefore does not have the authority to impose fines. *E.g.*, *People v. Alghadi*, 2011 IL App (4th) 100012, ¶ 20. Fines imposed by circuit clerks are "void from their inception." *Id.*; see also *People v. Nelson*, 2016 IL App (4th) 140168, ¶ 25. A void order may be attacked at any time.

2

*People v. Thompson*, 209 Ill. 2d 19, 25 (2004). We therefore vacate the $150 in fines imposed by the circuit clerk.

¶ 9     We note that the State argues that our supreme court's decision in *People v. Castleberry*, 2015 IL 116916, which abolished the void sentence rule, renders the fines in this case merely voidable, rather than void. Thus, the State argues that defendant has forfeited review of the present issue by his failure to preserve it at the trial level.

¶ 10    The void sentence rule, abolished by *Castleberry*, held that a sentence not conforming to statute was void. *Id.* ¶ 1. In abolishing the rule, the *Castleberry* court made clear that the issue of voidness is purely a jurisdictional question. *Id*. ¶ 15. In other words, a judgment is only void where the court entering that judgment has done so without jurisdiction. *Id*.

¶ 11    In the present case, contrary to the State's argument, defendant does not argue voidness based upon a theory of nonconformity with statute. The abolition of the void sentence rule, therefore, is of no import to this case. Instead, defendant correctly argues that the fines are void because they were not imposed by the trial court at all, but by a circuit clerk acting without authority. Moreover, even if the fines had been imposed by the trial court, the imposition of the fines occurred almost two full months after defendant filed his notice of appeal. After 30 days had elapsed following the court's denial of defendant's motion to reconsider sentence, the trial court was divested of its jurisdiction to modify the sentence in any way. See *People v. Flowers*, 208 Ill. 2d 291, 303 (2003).

¶ 12    The voidness in the present case stems from jurisdictional deficiencies—if the trial court did not have jurisdiction to impose fines, it follows *a fortiori* that the circuit clerk could not do so. Accordingly, under *Castleberry*, the imposition of fines in this case was void. *Castleberry*, 2015 IL 116916, ¶ 15.

¶ 13                            CONCLUSION

¶ 14        The judgment of the circuit court of Will County is vacated in part.

¶ 15        Affirmed in part and vacated in part.