# Illinois Official Reports

## Appellate Court

---

### *People v. Wade*, 2016 IL App (3d) 150417

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD JEROME WADE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0417 |
| Opinion filed<br>Rehearing allowed<br>Modified upon rehearing | July 28, 2016<br>August 15, 2016<br><br>September 14, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 12-CF-115; the Hon. Kevin Lyons, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |
| Counsel on Appeal | Michael J. Pelletier and Andrew J. Boyd, both of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Dawn Duffy, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justices Carter and Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Donald Jerome Wade, argues on appeal that the circuit clerk improperly assessed fines against him and asks that this cause be remanded for proper entry of an order of enumerated costs. This court originally and unanimously vacated the fines improperly imposed by the clerk. With one dissent, this court remanded to have the trial court impose mandatory fines. Defendant filed a petition for rehearing asking this court to adopt the dissent's position that we should not remand for imposition of the void fines. We granted rehearing. The State answered, agreeing with defendant that there should be no remand. We vacate the fines imposed by the circuit clerk but do not remand for the reimposition of said fines by the trial court.

¶ 2      FACTS

¶ 3      Defendant pled guilty to retail theft (720 ILCS 5/16-25(a)(1) (West 2012)). The court sentenced defendant to a term of 5½ years' imprisonment. The circuit court ordered that defendant be given credit for time served in custody prior to sentencing from February 2 to February 4, 2012, and from December 31, 2012, to January 4, 2013. The circuit court imposed no fines but ordered that a judgment for costs be entered against defendant.

¶ 4      Defense counsel filed a motion to reconsider sentence but did not file a Rule 604(d) certificate. Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013). The circuit court denied the motion. Defendant filed a notice of appeal on July 23, 2013.

¶ 5      A sheet entitled "History Payments" appears in the record. A certification on the payments sheet is dated October 25, 2013, is signed by a deputy circuit clerk, and bears the seal of the circuit court of Peoria County. The payments sheet contains the correct case number but lists the date as December 31, 1994. The payments sheet lists the total assessments as $921.50. The sheet indicated that no money was currently owing. Each individual assessment is identified by a four-letter code. The assessments and corresponding codes included (1) $100 CLRK, (2) $10 MAIL, (3) $30 STAT, (4) $25 CRTP, (5) $0.25 CADM, (6) $10 DRGO, (7) $15 SPMB, (8) $15 AUTO, (9) $2 STAU, (10) $100 VIOL, (11) $50 CRTU, (12) $10 CADF, (13) $447 SHER, (14) $10 PROP, (15) $15 DOCS, (16) $10 SAOJ, (17) $10 SPSF, (18) $10 MEDI, (19) $4.75 DCRT, (20) $15 SPOA, and (21) $32.50 SCHG.

¶ 6      On appeal, we remanded this cause to the circuit court for further postplea proceedings, including the filing of a new postplea motion and a Rule 604(d) certificate. *People v. Wade*, No. 3-13-0542 (Feb. 9, 2015) (dispositional order).

¶ 7      On remand, defendant filed a motion to withdraw guilty plea and a motion to reconsider sentence. Defendant's motion to reconsider sentence raised no issue with the monetary assessments in the payments sheet. Defense counsel also filed a Rule 604(d) certificate. The circuit court denied defendant's motions.

¶ 8      ANALYSIS

¶ 9      In the instant appeal, defendant initially argued that this cause must be remanded for a proper entry of an order of enumerated fines and fees. Defendant cited four reasons why remand is necessary: (1) the circuit clerk imposed certain fines; (2) the payments sheet inexplicably bears a date of December 31, 1994; (3) the authorization of some of the

assessments is not clear from the record; and (4) defendant did not receive credit for the time he spent in presentence custody. We issued an opinion with a partial dissent, granting the relief requested. Defendant filed a petition for rehearing asking this court to adopt the dissent's view that we are without authority to remand for the imposition of fines. We granted rehearing. The State concedes the issue. Because we find that some of the assessments imposed by the circuit clerk were fines and therefore void, we vacate said fines. We are without authority, however, to remand for the trial court to do what it should have done at sentencing: impose mandatory fines. See Ill. S. Ct. R. 615(b)(4); *People v. Castleberry*, 2015 IL 116916.

¶ 10        "Because the imposition of a fine is a judicial act, and the circuit clerk has no authority to levy fines, any fines imposed by the circuit clerk are void from their inception." *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56; see also *People v. Hible*, 2016 IL App (4th) 131096, ¶¶ 9-11. Fines and fees are distinct types of assessments. *Hible*, 2016 IL App (4th) 131096, ¶ 14. "A fee is a charge designed to recoup the State's expenses while a fine ' "is a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense." ' " *Id.* (quoting *People v. Warren*, 2014 IL App (4th) 120721, ¶ 86, quoting *People v. Graves*, 235 Ill. 2d 244, 250 (2009)). While the circuit clerk may levy fees, only the trial court may impose fines on a defendant. *Id.*

¶ 11        Fines are part of a criminal sentence. *People v. Graves*, 235 Ill. 2d 244, 250 (2009). In *Castleberry*, our supreme court held that the appellate court may not increase a sentence on appeal, even one that is illegally low. *Castleberry*, 2015 IL 116916, ¶ 26. The *Castleberry* court concluded that the only recourse to correct an illegally low sentence was for the State to seek a writ of *mandamus*. *Id.*

¶ 12        The fines in this case were void, not because they failed to conform with statutory requirements, but because they were imposed not by the trial court, but by the circuit clerk. *Castleberry*'s abolition of the void sentence rule, therefore, is of no consequence to the issue of whether the fines are void. However, we find *Castleberry* instructive on the issue of whether we may remand for the imposition of fines never assessed by the trial court at sentencing.

¶ 13        Here, the trial court imposed an illegally low sentence by virtue of failing to assess mandatory fines. The fact that the circuit clerk's attempt to impose those fines is void does not change that. Regardless of what the circuit clerk did or did not do, the trial court imposed an illegally low sentence. So, this is where *Castleberry* comes in. The sentence imposed by the trial judge, like the one in *Castleberry*, while illegally low, is not void. So, what to do? We realize that the supreme court said the appellate court cannot increase a defendant's sentence "*at the request of the State*." (Emphasis added.) *Id.* ¶ 25. But because of the change in the law, we were originally (the State now concedes the issue) in the unique position of having defendant ask that his sentence be increased. We see no reason to punish defendant for making what was before *Castleberry* the standard argument regarding fines imposed by a circuit clerk. Furthermore, to remand at defendant's request would be to invite a postconviction petition alleging ineffective assistance of counsel. While *Castleberry* abolished the void sentence rule, it did not invent the notion that an appellate court cannot increase a defendant's sentence on direct appeal. Regardless of who is making the argument, to remand for the reimposition of fines would, in effect, grant relief to the State by increasing defendant's sentence in violation of *Castleberry* and Illinois Supreme Court Rule 615(b). If the State believes that it is worth the time and money to pursue these fines (less than $150), it must file a petition for writ of *mandamus* seeking an order requiring the trial court to impose the statutorily required fines. It

seems (and on rehearing both parties agree) that the economically rational thing to do is to vacate the fines and move on to the next case.

¶ 14 The following assessments listed on the payments sheet are fines and therefore void, because they were imposed without authority by the circuit clerk: (1) the $50 court fund fee (code "CRTU") (*Graves*, 235 Ill. 2d at 253); (2) the $5 drug court fund assessment (codes "DCRT" and "CADM") (*People v. Unander*, 404 Ill. App. 3d 884, 886 (2010)); (3) the $15 State Police Operations Assistance Fund assessment (code "SPOA") (*People v. Millsap*, 2012 IL App (4th) 110668, ¶ 31); (4) the criminal surcharge of $32.50 (code "SCHG") (730 ILCS 5/5-9-1(c) (West 2012); *People v. Irvine*, 379 Ill. App. 3d 116, 132-33 (2008)); (5) the $30 expungement of juvenile records assessment (labeled the "State Police Services Fund" on "Meanings of Fines and Fees" key with codes "CADF," "SAOJ," and "SPSF") (730 ILCS 5/5-9-1.17 (West 2012)); and (6) the $10 medical fee (code "MEDI") (*Larue*, 2014 IL App (4th) 120595, ¶ 57; 730 ILCS 125/17 (West 2012)).

¶ 15 The remaining assessments listed on the payments sheet are fees properly imposed by the circuit clerk. See *Hible*, 2016 IL App (4th) 131096, ¶ 14 (circuit clerk may levy fees). Several assessment codes that appear on the payments sheet do not appear on the key, including: "MAIL," "SPMB," "STAU," "VIOL," and "PROP." Because the basis for these assessments is unclear from the record and key, defendant has failed to meet his burden of establishing that these assessments are void fines imposed by the circuit clerk rather than fees properly imposed by the circuit clerk. See *People v. Carter*, 2015 IL 117709, ¶ 19 ("This court has long recognized that to support a claim of error, the appellant *** has the burden to present a sufficiently complete record such that the court of review may determine whether there was the error claimed by the appellant."). "Without an adequate record preserving the claimed error, the court of review must presume the circuit court's order conforms with the law." *Id.* Thus, we must presume that the assessment codes not included in the key were fees properly imposed by the circuit clerk.

¶ 16 We acknowledge that even after our supreme court's decision in *Castleberry*, this district and other appellate districts have continued to remand cases in which the circuit clerk improperly imposed fines to the circuit court for entry of a proper order for fines and fees. See, *e.g.*, *People v. Ford*, 2016 IL App (3d) 130650, ¶ 35; *Hible*, 2016 IL App (4th) 131096, ¶ 33. We now respectfully disagree with these decisions insofar as they remand for the reimposition of vacated fines, which will increase defendants' sentences.

¶ 17 CONCLUSION

¶ 18 The fines improperly imposed by the Peoria County circuit clerk as discussed above are vacated. Defendant also requests his $5-per-day presentence incarceration credit for the eight days he spent in custody prior to sentencing be applied to his fines. Because we have vacated defendant's fines, there remains nothing against which to apply the credit. This issue is moot.

¶ 19 For the foregoing reasons, we vacate the fines imposed by the circuit clerk of Peoria County and otherwise affirm the judgment of the circuit court of Peoria County.

¶ 20 Affirmed in part and vacated in part.