# Illinois Official Reports

## Appellate Court

---

### *People v. Walker*, 2016 IL App (3d) 140766

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL WALKER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0766 |
| Filed | October 28, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Knox County, No. 06-CF-519; the Hon. Scott Shipplett, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |
| Counsel on Appeal | Michael J. Pelletier and Katherine M. Strohl, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>John T. Pepmeyer, State's Attorney, of Galesburg (Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justice Carter concurred in the judgment and opinion.<br>Justice Wright dissented, with opinion. |

**OPINION**

¶ 1    Defendant, Michael Walker, appeals from the dismissal of his second-stage postconviction petition. Defendant's sole argument on appeal is that his Violent Crime Victims Assistance Fund fine (VCVA) and drug court fee were fines improperly imposed by the circuit clerk and must be vacated. We vacate, as void, the fines imposed by the circuit clerk.

¶ 2                                                                    FACTS

¶ 3    In January 2008, defendant pled guilty to one count of aggravated battery (720 ILCS 5/12-4(b)(6) (West 2006)). The court sentenced defendant to four years' imprisonment and ordered defendant to "pay court costs in this matter which are due within six months of his release from custody." The prison sentence was ordered to run consecutive to the sentence defendant was serving at the time he committed the instant offense.

¶ 4    On April 13, 2012, defendant filed a *pro se* postconviction petition, arguing that he had been deprived of his right to a speedy trial and defense counsel was ineffective for failing to raise this issue. The court summarily dismissed defendant's petition, and defendant appealed. We reversed the dismissal and remanded the cause for second-stage proceedings. *People v. Walker*, 2013 IL App (3d) 120330-U.

¶ 5    On remand, defense counsel filed an amended postconviction petition, which realleged defendant's *pro se* arguments. The State filed a motion to dismiss. In September 2014, the court dismissed defendant's amended petition, and the clerk entered a written cost sheet into the record. The cost sheet included the following assessments: "Clerk Fee" $50, "State's Attorney" $30, "Court Fund—County Fee" $50, "Court Automation" $10, "Court Security" $25, "Victim of Violent Crime" $20, "Document Storage Fund" $10, "Arrestee's Medical Fee" $10, "Teen Court" $5, "Drug Court Fee" $5, and "Knox Cty Child Advocacy Center" $5. Defendant appeals from the dismissal of his amended postconviction petition, but defendant does not contest the dismissal. Therefore, he has abandoned the arguments raised in the petition.

¶ 6                                                                  ANALYSIS

¶ 7    Defendant solely argues that his VCVA and drug court fines must be vacated as they were imposed without authority by the circuit clerk. The State agrees that these assessments were imposed without authority, but argues that the matter should be remanded to the trial court with direction for the court to specifically order these mandatory fines. Upon review, we find the VCVA and drug court assessments are void. Additionally, we *sua sponte* find that the circuit clerk imposed several other fines without an order of the court. These fines are void and vacated accordingly. We further reject the State's argument for a remand as we do not have authority to order the trial court to impose the mandatory fines. See Ill. S. Ct. R. 615(b)(4); *People v. Castleberry*, 2015 IL 116916, ¶ 19; *People v. Wade*, 2016 IL App (3d) 150417, ¶ 13.

¶ 8    The imposition of a fine is a judicial act. *People v. Strong*, 2016 IL App (3d) 140418, ¶ 8. "The clerk of a court is a nonjudicial member of the court and, as such, has no power to impose sentences or levy fines ***." *People v. Scott*, 152 Ill. App. 3d 868, 873 (1987). A fine imposed without authority by the circuit clerk is void from its inception. *People v. Larue*, 2014 IL App

(4th) 120595, ¶ 56. The circuit clerk may levy fees against a defendant, but only the trial court may impose fines. *Wade*, 2016 IL App (3d) 150417, ¶ 10.

¶ 9 Here, the parties agree that defendant's VCVA and drug court fines are void as they are fines that were imposed without authority by the circuit clerk. See *People v. Folks*, 406 Ill. App. 3d 300, 306 (2010) (holding drug court assessment is a fine that cannot be imposed by the circuit clerk); *Scott*, 152 Ill. App. 3d at 873 (holding VCVA assessment is a mandatory fine that cannot be imposed by the circuit clerk). We find that the record establishes that the VCVA and drug court assessments were imposed by the clerk after the court entered a generic order for "costs." As a result, the VCVA and drug court fines are void. See *Larue*, 2014 IL App (4th) 120595, ¶ 56. Accordingly, we vacate these two fines.

¶ 10 After reviewing the cost sheet, we find the circuit clerk imposed several additional fees, which have been judicially categorized as fines, without an order of the court. These assessments, which are properly categorized as fines, are void. See *id.* We "have an independent duty to vacate void orders and may *sua sponte* declare an order void." *People v. Thompson*, 209 Ill. 2d 19, 27 (2004). Therefore, we vacate the following additional fines as void: "Court Fund—County Fee" (*People v. Ackerman*, 2014 IL App (3d) 120585, ¶ 30 (holding the court systems fee of $50 (55 ILCS 5/5-1101(c)(1), (g) (West 2008)) was a fine)), "Arrestee's Medical Fee" (*People v. Jernigan*, 2014 IL App (4th) 130524, ¶ 38 (holding the $10 arrestee's medical assessment is a fine)), "Teen Court" (*People v. Graves*, 235 Ill. 2d 244, 255 (2009) (holding the teen court assessment is a fine)), and "Knox Cty Child Advocacy Center" (*People v. Jones*, 397 Ill. App. 3d 651, 660-61 (2009) (holding the Children's Advocacy Center Fund assessment is a fine)).

¶ 11 Having vacated the improperly imposed fines, the State argues that we must remand the cause for the trial court to properly order any mandatory fines. See 725 ILCS 240/10(b) (West 2008); 55 ILCS 5/5-1101(d-5) (West 2008). However, in *Castleberry*, 2015 IL 116916, ¶ 19, our supreme court abolished the void sentence rule. In doing so, the supreme court noted that an "appellate court may not, under our rules, address a request by the State to increase a criminal sentence which is illegally low." *Id.* ¶ 26. Since a fine is part of a criminal sentence (*Graves*, 235 Ill. 2d at 250), *Castleberry* bars remanding this case to the trial court with instructions to impose the required fines. *Castleberry*, 2015 IL 116916, ¶ 26. To do so would impermissibly increase defendant's sentence on appeal. *Id.* Therefore, we reject the State's argument that a remand is required for the proper imposition of the mandatory fines. The State's sole remedy with regard to these mandatory fines is to file a petition for writ of *mandamus*. See *id.*

¶ 12 We recently applied the *Castleberry* analysis to several unauthorized fines in *Wade*, 2016 IL App (3d) 150417. The defendant in *Wade* argued that the circuit clerk improperly assessed several fines, which necessitated reversal of the unauthorized fines and remand for the proper entry of an order of enumerated costs. *Id.* ¶ 9. We vacated several void fines that were imposed without authority by the circuit clerk. *Id.* ¶ 12. We then found that the omission of the mandatory fines resulted in an illegally low sentence. *Id.* ¶ 13. However, *Castleberry*, 2015 IL 116916, ¶ 25, prevented a remand for the imposition of the statutorily required fines as this act would result in an impermissible increase in defendant's sentence on appeal. *Wade*, 2016 IL App (3d) 150417, ¶ 13. We concluded that the State's sole recourse to impose the mandatory fines was to "file a petition for writ of *mandamus* seeking an order requiring the trial court to impose the statutorily required fines." *Id.* Analogously, in the instant case, we vacate the

improperly imposed fines.

¶ 13                                         CONCLUSION
¶ 14          For the foregoing reasons, we vacate the fines imposed by the circuit clerk of Knox County and otherwise affirm the judgment of the circuit court of Knox County.

¶ 15          Affirmed in part and vacated in part.

¶ 16          JUSTICE WRIGHT, dissenting.
¶ 17          It is well established that "[i]ssues not raised before the trial court are considered forfeited, and a party may not raise such issues for the first time on appeal." *McKinley Foundation at the University of Illinois v. Illinois Department of Labor*, 404 Ill. App. 3d 1115, 1120 (2010). However, equally well-established case law also provides that void judgments may be challenged at any time. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).
¶ 18          The $25 error in this case was *not* raised in the trial court. Consequently, in order to avoid forfeiture, not surprisingly, this defendant loudly complains that the issue regarding the amount of unpaid court costs requires our review as part of a "void order." Much like shouting fire in a theater, appellant's approach has caused my well-intentioned and diligent judicial colleagues to spring into action. However, since defendant concedes forfeiture, our court must first carefully examine whether a fire or a void order exists before exercising our jurisdiction.
¶ 19          I cannot criticize the majority for instinctively reacting to the inflammatory term "void" as used in this case. I also recognize the majority's holding is entirely consistent with the unanimous decision recently announced by this court in *People v. Wade*, 2016 IL App (3d) 150417. Respectfully, I disagree with the approach adopted by this court in *Wade*. Thus, I must also respectfully dissent regarding the same approach adopted in this case. I disagree that this court should repair a forfeited clerical error that was not first addressed in the trial court.
¶ 20          In *Wade*, the defendant forfeited the cost issue as well. First, the defendant filed a motion to reconsider his sentence in that case, but did not challenge any part of the financial consequences resulting from the court's sentencing order. Significantly, in *Wade*, the defendant also voluntarily paid all court costs, as calculated by the circuit clerk, without voicing any objection to the clerk's calculations before payment in full.
¶ 21          In *Wade*, our court recognized the court's sentencing order was "illegally low" but "not void." *Id.* ¶ 13. In spite of this finding, the court elected to correct the clerical miscalculation in *Wade*. The court reduced costs three years after defendant voluntarily paid the costs, as calculated by the circuit clerk, in full. In fact, by reducing the balance of costs in *Wade*, the defendant became entitled to a $150 refund. In *Wade*, the opinion asserts that this approach was the "economically rational thing to do" because it allowed our court "to vacate the fines and move on to the next case."
¶ 22          I strongly disagree with this expressed view of judicial economics. I submit that the *Wade* decision will only increase the number of appeals involving requests to reduce previously forfeited monetary miscalculations by the clerk. Who can fault the multitude of defendants who will rely on *Wade* in future appeals by requesting this court to address forfeited cost issues, with high hopes of receiving similar cash refunds or financial credits. I must ask, is Wade entitled to interest on the $150 he overpaid three years ago?

¶ 23    Like the order in *Wade*, the court order in this case negligently omitted mandatory fines by requiring defendant to pay an undetermined amount of costs. Yet, the 2008 order is not void, it is just wrong. Since I conclude the 2008 sentencing order in this case is not void, I disagree an adjustment in costs is now required due to forfeiture.

¶ 24    Thankfully, *Castleberry* brings us back to a well-centered starting point when presented with a forfeited sentencing issue raised for the first time on appeal. In such a case, reviewing courts should begin by carefully scrutinizing whether the "void" label applies to the *court's* sentencing order in each case. If not, our jurisdiction does not attach to that sentencing issue. Here, the majority reversed the process by skipping the first step. Unless the majority first holds that the judge's 2008 order in this case is void, we should not exercise our jurisdiction to consider the only issue raised in this appeal.

¶ 25    My interpretation of the holding in *Castleberry* is stubbornly inflexible. I believe *Castleberry* stands for the proposition that a truly "void" sentence is now limited to directives resulting from a circuit court that lacked jurisdictional authority. Here, defendant does not challenge the jurisdictional authority of the trial court to delegate the task of calculating the amount of costs to the circuit clerk. Based on this record, I conclude the court's order is not void. Based on the rationale of *Wade*, the majority cannot logically disagree with my view.

¶ 26    I remain hopeful that my dissent will result in a lightbulb moment for the reader. Simply stated, I agree the clerical *assessments* are arguably *void assessments*. However, the clerical assessments in this case were not ratified by the court. Arguably, void clerical assessments do not magically become part of a court order without judicial ratification.

¶ 27    It seems simple. *Castleberry* allows us get out of the business of engaging in financial audits years after the sentence was imposed. Such an approach favors judicial economy. Now, this court may finally stop addressing endless requests from defendants asking this court to audit and then reduce, but never increase, amounts most defendants will never be compelled to involuntarily pay.

¶ 28    This approach stops the exponential growth of sentencing issues, raised first on review, that have spiraled out of control in recent years. Following *Castleberry*, we may now turn our attention to addressing the merits of substantive issues that are properly subject to our review.

¶ 29    For these reasons, I respectfully dissent in this appeal.