2016 IL App (3d) 140837

Opinion filed December 9, 2016
Modified upon denial of rehearing February 3, 2017

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2017

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
|---|---|---|
| Plaintiff-Appellee, | ) ) | Appeal No. 3-14-0837 |
| v. | ) ) | Circuit No. 12-CF-113 |
| TERRY L. BURNETT, | ) ) | Honorable David A. Brown, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justices O'Brien and Carter concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Terry L. Burnett, appeals the summary dismissal of his postconviction petition arguing that the circuit clerk improperly assessed fines against him. We vacate the fines imposed by the circuit clerk.

¶ 2                                FACTS

¶ 3        Defendant pled guilty to burglary (720 ILCS 5/19-1(a) (West 2012)) in exchange for a 6½-year sentence in this case and a 2½-year sentence in an unrelated case. The sentencing order entered a judgment for costs, but fines were not discussed as part of the plea and were not

entered on either the sentencing order or the mittimus. Subsequently, defendant moved to withdraw his guilty plea, which the trial court denied as untimely.

¶ 4    Defendant filed a postconviction petition contesting his guilty plea and his sentence. The petition did not raise any issue with the fines and fees imposed against defendant. The trial court summarily dismissed the petition. Defendant filed a notice of appeal on October 14, 2014, from the dismissal of his postconviction petition.

¶ 5    A sheet titled "Case Transactions Summary" appears in the record. A certification on the transactions summary is dated December 8, 2014, is signed by the deputy circuit clerk, and bears the seal of the circuit court of Peoria County. This court stamped the transaction summary as "filed" the following day. The sheet indicates defendant does not currently owe any money. Each individual assessment is identified by name, but there is no citation to statutory authorization. The sheet lists the total assessments as $1046.50. The relevant assessments and corresponding titles include (1) $15 "State Police Operation Assistance Fund," (2) $10 "State Police Services Fund," (3) $32.50 "Surcharge-Lump Sum," (4) $100 "Violent Crime Victims Assistance Fund," (5) $50 "Court Usage," (6) $30 "Criminal Child Advocacy Center," (7) $10 "Criminal Probation Operation Fees," (8) $4.75 "Drug Court Fund" and $0.25 "Circuit Clerk Oper/Adm Fund," (9) $10 "Drug Court Operation," (10) $10 "Medical Costs Fund," and (11) $10 "State's Attorney Juvenile Expenses" fee.

¶ 6                                              ANALYSIS

¶ 7    On appeal, defendant does not argue that the trial court erred in summarily dismissing his postconviction petition. Instead, he argues for the first time that this court should vacate the fines improperly assessed against him by the circuit clerk. The State makes no argument regarding the classification of the specific assessments defendant now challenges.

2

¶ 8        "Because the imposition of a fine is a judicial act, and the circuit clerk has no authority to levy fines, any fines imposed by the circuit clerk are void from their inception." *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56. Upon review, we find that the following fines were imposed by the circuit clerk and are therefore void:

(1) $15 "State Police Operation Assistance Fund" (*People v. Millsap*, 2012 IL App (4th) 110668, ¶ 31);

(2) $10 "State Police Services Fund" (*People v. Bell*, 2012 IL App (5th) 100276, ¶ 42 (finding an identical methamphetamine version to be a fine));

(3) $32.50 "Surcharge-Lump Sum" (*People v. Warren*, 2014 IL App (4th) 120721, ¶ 122);

(4) $100 "Violent Crime Victims Assistance Fund" (*Id.* ¶ 135);

(5) $50 "Court Usage" (*People v. Smith*, 2013 IL App (2d) 120691, ¶ 21);

(6) $30 "Criminal Child Advocacy Center" (*People v. Jones*, 397 Ill. App. 3d 651, 660-61 (2009));

(7) $10 "Criminal Probation Operations Fees" (*People v. Carter*, 2016 IL App (3d) 140196, ¶ 56);

(8) $4.75 "Drug Court Fund" and $0.25 "Circuit Clerk Oper/Adm Fund" (*People v. Johnson*, 2015 IL App (3d) 140364, ¶ 9);

(9) $10 "Drug Court Operation" (*People v. Graves*, 235 Ill. 2d 244, 255 (2009));

(10) $10 "Medical Costs Fund" (*Larue*, 2014 IL App (4th) 120595, ¶ 57); and

3

(11) $10 "State's Attorney Juvenile Expenses" fee (*Carter*, 2016 IL App

(3d) 140196, ¶ 54).

The remaining assessments listed on the transactions summary sheet are fees properly imposed by the circuit clerk. See *People v. Hible*, 2016 IL App (4th) 131096, ¶ 14 (circuit clerk may levy fees).

¶ 9 To summarize, we vacate the fines imposed by the circuit clerk. *Supra* ¶ 8. We do not remand the cause for the reimposition of said fines. See *People v. Wade*, 2016 IL App (3d) 150417, ¶ 13; *Carter*, 2016 IL App (3d) 140196, ¶ 51. We uphold the remaining assessments listed on the transaction summary sheet.

¶ 10 In reaching this conclusion, we reject the State's contention that this court lacks jurisdiction to consider defendant's appeal. While the State does not challenge defendant's assertion that the specific assessments imposed by the circuit clerk are void, it contends that this court lacks jurisdiction because the notice of appeal in this case is from the dismissal of defendant's postconviction petition. Specifically, the State argues that defendant's claim is not a constitutional deprivation that is cognizable in a postconviction petition.

¶ 11 A defendant may challenge a void assessment for the first time on appeal from the dismissal of a postconviction petition. See *People v. Thompson*, 209 Ill. 2d 19, 28 (2004) (noting that there is no jurisdictional impediment to the granting of relief from the void portion of a sentencing order even though defendant raised the issue for the first time on appeal from the dismissal of a postconviction petition). Courts have an independent duty to vacate void orders and may *sua sponte* declare an order void. *Id.* at 27 (citing *Schak v. Blom*, 334 Ill. App. 3d 129, 134 (2002)). " 'Because the imposition of a fine is a judicial act, and the circuit clerk has no authority to levy fines, any fines imposed by the circuit clerk are void from their inception.' "

4

*Wade*, 2016 IL App (3d) 150417, ¶ 10 (quoting *Larue*, 2014 IL App (4th) 120595, ¶ 56). A void order may be attacked at any time or in any court, either directly or collaterally. *Thompson*, 209 Ill. 2d at 25. Although defendant failed to challenge the improper assessments in his postconviction petition, an appellate court can address a forfeited argument that the circuit clerk acted beyond its authority in imposing a fine. *People v. Shaw*, 386 Ill. App. 3d 704, 710-11 (2008). Accordingly, we find that we have jurisdiction to consider defendant's challenge to the void fines improperly imposed by the circuit clerk.

¶ 12                                          CONCLUSION

¶ 13             For the foregoing reasons, we vacate the fines imposed by the circuit clerk of Peoria County and otherwise affirm the judgment of the circuit court of Peoria County.

¶ 14             Affirmed in part and vacated in part.