# Illinois Official Reports

## Appellate Court

---

### *People v. Vara*, 2016 IL App (2d) 140848

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICARDO VARA, Defendant-Appellant. |
| | |
| District & No. | Second District<br>Docket No. 2-14-0848 |
| | |
| Filed | December 21, 2016 |
| | |
| Decision Under Review | Appeal from the Circuit Court of Stephenson County, No. 13-CF-73; the Hon. Michael P. Bald, Judge, presiding. |
| | |
| Judgment | Affirmed in part and vacated in part. |
| | |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Jaime L. Montgomery, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Carl H. Larson, State's Attorney, of Freeport (Lawrence M. Bauer and Marshall M. Stevens, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE SPENCE delivered the judgment of the court, with opinion.<br>Justices Burke and Birkett concurred in the judgment and opinion. |

¶ 1    We once again are presented with a case in which the circuit clerk imposed certain mandatory statutory fines, despite lacking the power to do so, and the trial court did not, despite having both the power and the obligation to act. The parties agree that the clerk lacked the authority to impose the fines and that the purported fines must be vacated. They disagree on what other relief this court may provide at this time. The State requests that we impose the fines ourselves or remand with directions for the trial court to do so. Defendant, Ricardo Vara, disagrees. We agree with defendant that, in light of *People v. Castleberry*, 2015 IL 116916, the purported fines must be vacated, and we may not provide any further relief, either by imposing the fines or by ordering the trial court to do so. If the State wishes to hold the trial court to its statutory obligation, it must pursue relief in a new proceeding.

¶ 2    After a bench trial, defendant was convicted of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2012)) and sentenced to three years in prison. At the August 4, 2014, sentencing, the trial court imposed the following fines: (1) a $1000 fine, (2) a mandatory $500 sex-offender fine (see 730 ILCS 5/5-9-1.15(a) (West 2014)), (3) a mandatory $30 "[a]dditional fine to fund expungement of juvenile records" (730 ILCS 5/5-9-1.17(a) (West 2014)), and (4) a mandatory $500 "[a]dditional child pornography fine[ ]" (730 ILCS 5/5-9-1.14 (West 2014)). The propriety of these fines is undisputed. Defendant timely filed a notice of appeal on August 22, 2014.

¶ 3    The assessments that are at issue are listed in a document entitled "Payment Status Information" (Payment Schedule), dated April 12, 2016, approximately 18 months after the written final judgment. The Payment Schedule is signed by a deputy circuit clerk, on behalf of the circuit clerk. It lists the following pertinent assessments (all shown as unpaid): (1) "Court" ($50), (2) "Youth Diversion" ($5), (3) "Violent Crime" ($100), (4) "Lump Sum Surcharge" ($250), (5) "Sexual Assault" ($200), (6) "Sex Offender Regis" ($500), (7) "Medical Costs" ($10), (8) "State Police Ops" ($15), (9) "Child Pornography" ($495), and (10) "Clerk Op Deduction" ($5).

¶ 4    In this direct appeal, defendant does not challenge assessment (6), the $500 sex-offender registration charge, or assessments (9) and (10), the $500 child-pornography fine, $5 of which must be deposited into a statutory fund (see *id.*). Defendant notes that the trial court duly imposed these assessments. He contends, however, that the remaining assessments are void because they are fines and thus the clerk lacked the authority to levy them.

¶ 5    Defendant concedes that all of these assessments were not only authorized by statute but mandatory. Specifically, assessment (1) ("Court") was required by a county ordinance or resolution passed under section 5-1101(c)(1) of the Counties Code (55 ILCS 5/5-1101(c)(1) (West 2014)). Assessment (2) ("Youth Diversion") was required by county action under section 5-1101(e)(2) of the Counties Code (55 ILCS 5/5-1101(e)(2) (West 2014)).[1] Assessment (3) ("Violent Crime") was required by section 10(b)(1) of the Violent Crime Victims Assistance Act (725 ILCS 240/10(b)(1) (West 2014)). Assessment (4) ("Lump Sum Surcharge") was required by section 5-9-1(c) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-9-1(c) (West 2014)). Assessment (5) ("Sexual Assault") was required

_____

[1]The record does not disclose that the county has enacted an ordinance or resolution that requires either assessment (1) or assessment (2), but defendant does not contest that it has.

by section 5-9-1.7(b)(1) of the Unified Code (730 ILCS 5/5-9-1.7(b)(1) (West 2014)). Assessment (7) ("Medical Costs") was required by section 17 of the County Jail Act (730 ILCS 125/17 (West 2014)). Assessment (8) ("State Police Ops") was required by section 27.3a of the Clerks of Courts Act (705 ILCS 105/27.3a (West 2014)). Defendant's sole contention is that the assessments are void because the clerk levied them without any authority. He requests that we vacate these illegal fines.

¶ 6      The State concedes that the assessments are void, but it disagrees with defendant on the proper remedy. The State requests that we either impose the fines ourselves or remand with directions for the trial court to do so. Defendant acknowledges that what the State requests was formerly the accepted remedy in a case such as this one. But he argues that this relief was premised on the rule, abolished by *Castleberry*, that a sentence that does not conform to statutory requirements is void and may be challenged at any time. Defendant reasons that, after *Castleberry*, the trial court's nonimposition of the fines was mere trial court error (albeit plain error) and that his appeal does not empower us to grant the State relief against the judgment. For the reasons that follow, we agree with defendant.

¶ 7      First, some general principles. Because this appeal presents pure questions of law about the propriety of the fines involved, our review is *de novo*. See *People v. Marshall*, 242 Ill. 2d 285, 292 (2011). Also, defendant has not forfeited his claim of error by failing to raise it in the trial court, as the erroneous imposition of a fine or a fee is cognizable as plain error. See *People v. Lewis*, 234 Ill. 2d 32, 47-49 (2009).

¶ 8      We agree with the parties that the assessments at issue were fines, which the circuit clerk could not impose. A fine is a pecuniary punishment for an offense. *People v. Wisotzke*, 204 Ill. App. 3d 44, 50 (1990). Fines must be imposed by the trial court as part of the defendant's sentence. *People v. Chester*, 2014 IL App (4th) 120564, ¶ 33. The circuit clerk may not impose fines. *People v. Johnson*, 2015 IL App (3d) 140364, ¶ 10; *Chester*, 2014 IL App (4th) 120564, ¶ 33. This is because the imposition of a fine is a judicial function beyond the authority of the clerk. *Wisotzke*, 204 Ill. App. 3d at 50.

¶ 9      Although the clerk may impose fees, which are not punitive (see *People v. Wade*, 2016 IL App (3d) 150417, ¶ 15), all of the assessments at issue were not fees but fines. See *People v. Smith*, 2013 IL App (2d) 120691, ¶ 18 (assessment (1) ("Court") and assessment (2) ("Youth Diversion")); *People v. Reed*, 160 Ill. App. 3d 606, 612 (1987) (assessment (3) ("Violent Crime")); *People v. Williams*, 2013 IL App (4th) 120313, ¶ 18 (assessment (4) ("Lump Sum Surcharge")); 730 ILCS 5/5-9-1.7(b)(1) (West 2014) (assessment (5) ("Sexual Assault")); *People v. Larue*, 2014 IL App (4th) 120595, ¶ 57 (assessment (7) ("Medical Costs")); *People v. Millsap*, 2012 IL App (4th) 110668, ¶ 31 (assessment (8) ("State Police Ops")).

¶ 10      The parties agree that the foregoing fines cannot stand and must be vacated. They disagree on what more, if anything, this court can or ought to do. The State requests that we either impose the fines ourselves or remand with directions for the trial court to do so. The State correctly notes that, before *Castleberry*, this was the standard and accepted remedy. See, *e.g.*, *People v. Higgins*, 2014 IL App (2d) 120888, ¶¶ 24, 33 (remand with directions to impose fines); *Chester*, 2014 IL App (4th) 120564, ¶ 37 (remand with directions to impose fines); *People v. Evangelista*, 393 Ill. App. 3d 395, 401 (2009) (direct imposition of fines). The State further correctly notes that, even after *Castleberry*, courts have held that, on a defendant's direct appeal, the court of review has the power to impose the fines or to order

the trial court to do so. See *People v. Warren*, 2016 IL App (4th) 120721-B, ¶ 89; *People v. Ford*, 2016 IL App (3d) 130650, ¶ 35.

¶ 11    Defendant contends that, whatever the practice before *Castleberry*, that opinion, while not disturbing our authority to declare the clerk's unauthorized acts void, now bars us from either imposing the fines ourselves or ordering the trial court to do so. He reasons that *Castleberry* abrogated the basis for our authority to increase a defendant's punishment beyond what the trial court imposed. By abolishing the rule that an illegally low sentence is void, it prevented an appellate court from invoking its power to correct a void judgment at any time that a case is properly before it (see *People v. Flowers*, 208 Ill. 2d 291, 308 (2003)). Thus, defendant concludes, the mere fact that the appellate court has jurisdiction over a defendant's appeal does not enable it to grant the State relief by correcting, or ordering the correction of, an illegally low sentence. Defendant urges us to reject the post-*Castleberry* authority to the contrary in favor of *Wade*, which held that the State can obtain relief only by filing a new action.

¶ 12    To explain why we agree with defendant, we discuss *Castleberry* and the conflicting authority that it has spawned. Before *Castleberry*, the law was that a sentence that does not conform to a statutory requirement is not merely voidable but void. See *People v. Arna*, 168 Ill. 2d 107, 113 (1995). However, the *Castleberry* court began its opinion by explicitly abolishing that rule. *Castleberry*, 2015 IL 116916, ¶ 1. The court then explained why.

¶ 13    The *Castleberry* defendant had been convicted of two counts of aggravated criminal sexual assault, based on two separate acts. At sentencing, the State argued that each conviction was subject to a mandatory add-on of 15 years under a statute that applied whenever a defendant had committed certain offenses while armed with a firearm. *Id.* ¶ 3. The trial court held that the add-on, though mandatory, applied only once under the circumstances; accordingly, after sentencing the defendant to two consecutive 9-year terms, it added 15 years to only one term, for a total of 33 years' imprisonment. *Id.* ¶ 4. On the defendant's appeal, the appellate court rejected his claims of error (*id.* ¶ 5), but it agreed with the State that the trial court had erred in applying the 15-year add-on to only one sentence, as the pertinent statute had required that each sentence be so enhanced (*id.*). In accordance with *Arna*, the appellate court held that, because the sentence violated a statutory requirement, it was void. *Id.* ¶ 6. It remanded the cause for resentencing.

¶ 14    The defendant appealed to the supreme court. *Id.* ¶ 7. He argued that the appellate court erred insofar as it held that his sentence was void, as opposed to merely erroneous, to the extent that it omitted the required add-on. *Id.* ¶ 9. This was because *Arna* was not valid. *Id.* He contended further that, without the "void sentence rule," the appellate court did not have the authority to consider the State's request to increase his sentence. *Id.* ¶ 10. The supreme court agreed with the defendant in each respect.

¶ 15    The court first rejected the *Arna* rule as inconsistent with the principle that " '[w]hether a judgment is void or voidable presents a question of jurisdiction.' " *Id.* ¶ 11 (quoting *People v. Davis*, 156 Ill. 2d 149, 155 (1993)). Essentially, if jurisdiction was lacking when the judgment was entered, then it is void; but, if jurisdiction existed, the judgment is merely voidable. *Id.*; see *Davis*, 156 Ill. 2d at 155-56. And a court has jurisdiction as long as it has both the power to hear the general class of cases to which the proceeding in question belongs (subject-matter jurisdiction) and the power to bring a person into its adjudicative process (personal jurisdiction). *Castleberry*, 2015 IL 116916, ¶ 12. *Arna* transgressed this limitation

- 4 -

on the voidness doctrine by holding that a judgment can be void even if the trial court that entered it had both subject-matter jurisdiction and personal jurisdiction at the time. *Id.* ¶ 13.

¶ 16    The *Castleberry* court thus rejected the premise of *Arna*, reasoning that, in general, because jurisdiction is conferred on the trial court solely by our state constitution, a statutory requirement cannot be jurisdictional. *Id.* ¶ 15; see *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335-37 (2002). And, because a nonjurisdictional defect cannot render a judgment void, the trial court's failure to impose the mandatory second add-on did not render the defendant's sentence void, even in part. *Castleberry*, 2015 IL 116916, ¶ 15. Indeed, the parties agreed that the void sentence rule was not valid. *Id.* ¶ 17.

¶ 17    In *Castleberry*—as here—the parties disagreed on what, if anything, the appellate court could do to remedy the nonjurisdictional defect of an illegally low sentence. The State contended that the appellate court had properly granted its request to increase the defendant's sentence. The supreme court disagreed. *Id.* ¶ 20. The court explained that Illinois Supreme Court Rule 604(a) (eff. July 1, 2006), which specifies when the State may appeal in a criminal case, does not permit appeals from sentencing orders. *Castleberry*, 2015 IL 116916, ¶ 21. Although the appellate court could consider any State argument *in support of* the judgment from which the defendant had appealed, it could not grant the State relief *against* the judgment. *Id.* ¶ 22. To do so would effectively allow the State to file a cross-appeal from the judgment by seeking relief adverse to the defendant. *Id.* ¶ 23. Because neither Rule 604(a) nor any other supreme court rule allowed such a cross-appeal, the appellate court did not have the authority to grant the State's request to modify the sentencing order. *Id.* ¶ 26.

¶ 18    The supreme court did not hold that the State is always without recourse against an illegally low sentence. In "appropriate circumstances," it explained, the State can file a *mandamus* action to require the trial court to follow the statutory requirement. *Id.* ¶¶ 26-27. In *Castleberry*, the State had neither filed such an action nor urged the supreme court to depart from its rules or amend them in the course of deciding the case. *Id.* ¶¶ 27-29. Thus, the court reversed the appellate court's judgment, negating that court's attempt to enforce the statutory requirement on the defendant's direct appeal. The court simply affirmed the trial court's judgment. *Id.* ¶ 31.

¶ 19    The effect of the supreme court's decision was to leave the illegally low sentence in place. The court recognized that the sentence violated a statutory requirement, but it recognized as well that, because the illegality made the judgment merely voidable and not void, it was not subject to the rule that a void order may be attacked at any time as long as the case is properly in court. The illegality could still be challenged—but not on the defendant's direct appeal from the judgment. Thus, the court granted the State no relief against the admitted trial court error.

¶ 20    Defendant argues that *Castleberry* controls our options in this case. He notes that, not only did the circuit clerk purportedly impose various fines without the authority to do so, but the trial court failed to impose these fines despite its obligation to do so. Defendant reasons that we can vacate the clerk's unauthorized actions, because he has requested this relief in his direct appeal, over which we undoubtedly have jurisdiction. He concludes, however, that, just as the appellate court in *Castleberry* lacked the authority to grant the State relief against the trial court's failure to follow the add-on statute, so we may not grant the State relief against the trial court's failure to follow the statutes that required imposing the specified fines. In other words, he maintains, we may not subject him to what would really be new

penalties—the clerk's purported imposition of these penalties having been merely an imposition on the trial court's exclusive authority, and therefore a legal nullity.

¶ 21    Defendant's position finds persuasive support in *Wade*. There, the defendant pleaded guilty to retail theft and was sentenced to 5½ years' imprisonment. The trial court imposed no fines. *Wade*, 2016 IL App (3d) 150417, ¶ 3. The circuit clerk's office, however, filed a document essentially similar to the Payment Schedule in this case, purporting to impose a variety of assessments, some of which were fines and thus beyond the clerk's authority to order. *Id.* ¶¶ 5, 14. On appeal, the defendant contended that these fines were void. The appellate court agreed. The court explained that, after *Castleberry*, the fines could not be void merely because they failed to comply with a statutory requirement—but they were void nonetheless, because the circuit clerk had imposed them and that officer had no authority to do so. *Id.* ¶ 12. The court reasoned that *Castleberry* did not disturb the long-standing rule that fines purportedly levied by the clerk are void from their inception because, as a nonjudicial officer, the clerk lacks the authority to enter a penalty in a criminal case. *Id.* ¶¶ 10, 12; see *People v. Hible*, 2016 IL App (4th) 131096, ¶ 11; see also Ill. Const. 1970, art. VI, § 18 (explicitly describing circuit clerk as nonjudicial officer); *Hall v. Marks*, 34 Ill. 358, 363 (1864) (clerk is not a judicial officer but only a ministerial officer of the court).

¶ 22    The *Wade* court next considered the effect of its initial holding. The circuit clerk had purported to impose various fines but had lacked the authority to do so. The trial court did have the authority to impose these fines but had not done so. Thus, in legal effect, the fines had not been imposed at all. Yet they were mandatory. Therefore, the trial court had imposed an illegally low sentence. *Wade*, 2016 IL App (3d) 150417, ¶ 13. However, under *Castleberry*, the defect did not make the sentence void. *Id.* "So, what to do?" *Id.* The court's answer was straightforward: Nothing.

¶ 23    The court recognized that, before *Castleberry*, appellate courts had routinely remedied trial courts' failure to impose mandatory fines by either imposing the fines themselves or remanding with directions for the trial courts to impose them. *Id.* However, after *Castleberry*, neither remedy was a viable option, because either would require the appellate court to grant the State relief by increasing the defendant's sentence. *Id.* The State could still file a *mandamus* action, although the parties there agreed that it made more sense "to vacate the fines and move on to the next case." *Id.*

¶ 24    We agree with *Wade*'s reasoning. Indeed, although the court found *Castleberry* "instructive" on the issue of whether the court could remand the cause for the trial court to impose fines that it had not assessed at sentencing (*id.* ¶ 12), we conclude that *Castleberry* was controlling in *Wade*. *Wade*'s reasoning demonstrates as much. Because the mandatory fines purportedly assessed by the circuit clerk were void from their inception and the trial court never imposed them at all, the defendant's sentence was illegally low, for the same reason as was the defendant's sentence in *Castleberry*. And because the jurisdiction of the appellate court in *Wade* was invoked solely by the defendant's appeal, and not by a State cross-appeal (a legal impossibility), the appellate court had no more authority to correct the illegality than did the appellate court in *Castleberry*.

¶ 25    For these reasons, we conclude, *Wade* was squarely controlled by *Castleberry*. And, for the same reasons, so is this case. Legally speaking, the fines that the trial court did not impose do not exist. At present, defendant's sentence consists of his prison term, his term of mandatory supervised release, and the fines that the trial court duly imposed. We cannot

remedy the trial court's failure to impose the mandatory fines at issue any more than the appellate court in *Castleberry* could have imposed the mandatory second add-on or the appellate court in *Wade* could have imposed the various fines that were never assessed in the trial court.

¶ 26　　We recognize, as did the court in *Wade*, that, even after *Castleberry*, several appellate court opinions have continued the pre-*Castleberry* practice of remanding with directions for the trial courts to impose mandatory fines that they did not originally impose (although the circuit clerks had purported to do so). *Id.* ¶ 16. However, to the extent that these opinions cannot be distinguished, we do not follow them.

¶ 27　　We start with two post-*Castleberry* opinions with which we respectfully disagree. In *Ford*, the defendant, who was convicted of reckless conduct and sentenced to probation, argued on appeal that the circuit clerk had improperly assessed certain mandatory fines against him. The State agreed. The appellate court held that the purported fines were void and it vacated them. *Ford*, 2016 IL App (3d) 130650, ¶¶ 32-33. The court also remanded the cause with directions for the trial court to impose the fines. *Id.* ¶¶ 32, 35. Not only did the court decline to discuss whether *Castleberry* allowed this remedy, but it did not mention *Castleberry* at all. Instead, the court relied on a pre-*Castleberry* appellate opinion that granted such relief. *Id.* ¶ 33; see *People v. Williams*, 2013 IL App (4th) 120313, ¶ 18.

¶ 28　　In *Warren*, decided after *Ford* (but before *Wade*), the court purported to address the application of *Castleberry* to the issue presented here. It agreed with the defendant that the circuit clerk could not impose certain mandatory fines (too numerous to specify here) and that the fines that the clerk had purported to assess were void. Further, it observed that *Castleberry* prevented it from "order[ing] the trial court to impose additional penalties on [the] defendant." *Warren*, 2016 IL App (4th) 120721-B, ¶¶ 131, 144. However, it nonetheless ordered the trial court to "reimpose" the fines in the amounts that the clerk had purported to assess (*id.* ¶¶ 120, 123, 126, 131, 135, 139, 144) or, in accordance with the applicable statute, in a lesser amount (*id.* ¶ 148). It saw itself constrained by *Castleberry* only to the extent that the applicable statutes might have called for fines in *greater* amounts; only these were the "additional penalties" that *Castleberry* precluded. *Id.* ¶¶ 131, 144.

¶ 29　　What the *Warren* court failed to recognize was that, because the fines that the clerk had purported to impose were void from the outset, the trial court's imposition of them, in *any* amount, was the "impos[ition] of additional penalties on [the] defendant." *Id.* Although the appellate court properly vacated the (legally nonexistent) fines that the clerk had purported to assess, this action did no more than declare (and thus effectuate in practice) the existing state of affairs: the defendant was not subject to these fines. By ordering the trial court to impose these fines—and, in the contemplation of the law, to subject the defendant to them for the first time—the appellate court in essence created a State cross-appeal and awarded the State relief thereon. This is what *Castleberry* had just said an appellate court may *not* do. And it is what *Wade* later held, correctly, that an appellate court may not do. See *Wade*, 2016 IL App (3d) 150417, ¶ 16.[2]

---

　　[2]*Wade* did not actually mention *Warren*, instead citing, as examples of opinions it would not follow, only *Ford* and *Hible*. *Wade*, 2016 IL App (3d) 150417, ¶ 16. There can be no question, however, that *Warren* is another such opinion that *Wade* disapproved.

¶ 30    As did the supreme court in *Castleberry* and the Third District in *Wade*, we note that the State is not without recourse against the trial court's failure to impose mandatory fines against a criminal defendant: the State may petition for *mandamus*. Further, we do not rule out the possibility that the State may obtain relief through some other collateral proceeding, even one that the defendant has brought. That occurred in *Hible*, in an opinion that the *Wade* court found inconsistent with *Castleberry* and thus disapproved. *Id. Hible* is the third post-*Castleberry* opinion that we address.

¶ 31    In *Hible*, the defendant pleaded guilty to aggravated battery and was sentenced to two years in prison. The trial court imposed no fines, but the circuit clerk assessed four fines: $50 under section 1101(c)(1) of the Counties Code (55 ILCS 5/5-1101(c)(1) (West 2004)), $2 for the " 'Anti-Crime Fund' " (730 ILCS 5/5-6-3(b)(13) (West 2004)), $4 for " 'Youth Diversion' " (55 ILCS 5/5-1101(e) (West 2004)), and $20 for the Violent Crime Victims Assistance Fund (725 ILCS 240/10 (West 2004)). *Hible*, 2016 IL App (4th) 131096, ¶ 3.

¶ 32    Four years later, the defendant filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). The trial court dismissed the petition. *Hible*, 2016 IL App (4th) 131096, ¶¶ 1-5. On appeal, the defendant argued in part that the circuit clerk had improperly imposed (or purported to impose) the four mandatory statutory fines. The State conceded the claim. *Id.* ¶ 7. The appellate court agreed.

¶ 33    The court held first (as would *Wade*) that *Castleberry* did not change the rule that fines imposed by the circuit clerk are void, because the imposition of fines is part of sentencing and therefore within the sole jurisdiction of the judiciary. *Id.* ¶¶ 11-12. Thus, because the purported fines were void, the defendant was entitled to relief against them even though he filed his petition outside the general two-year limit for a section 2-1401 petition (see 735 ILCS 5/2-1401(c), (f) (West 2010)). *Hible*, 2016 IL App (4th) 131096, ¶ 13.

¶ 34    The court's choice of remedies was more complex. The court held that the Anti-Crime Fund fine could not be imposed even by the trial court, because it applied only to defendants who received probation (see 730 ILCS 5/5-6-3(b)(13) (West 2004)). Therefore, the court vacated it outright. *Hible*, 2016 IL App (4th) 131096, ¶ 18. However, the court remanded with directions for the trial court to "reimpose" or "recalculate[ ]" the other three fines. *Id.* ¶¶ 16, 20, 22. The court did not discuss whether *Castleberry* allowed this relief. The court did, however, rely on *Castleberry* in response to the State's request to order the trial court on remand to impose the mandatory lump-sum surcharge (730 ILCS 5/5-9-1(c) (West 2004)). The court's rationale was that, because "[t]he lump-sum surcharge was never imposed originally," it could not order the imposition of the fine, as, under *Castleberry*, "the State's basis for appeal in criminal cases is now limited to those enumerated in Illinois Supreme Court Rule 604(a)." *Hible*, 2016 IL App (4th) 131096, ¶ 24.[3]

---

[3]*Hible*'s treatment of the lump-sum surcharge is fraught with obvious difficulties. In part these are the same as those in the *Warren* court's treatment of *Castleberry*'s prohibition against the appellate court's increasing the defendant's punishment. In effect, the court treated the legally nonexistent fines as void yet valid, holding that the trial court could "reimpose" them on remand but could not "impose" the lump-sum surcharge, because this fine had not been "impose[d]" at the trial court level. Thus, although the circuit clerk had never had the power to impose any fines, the clerk's wholly ineffectual attempt to impose three fines enabled the trial court to impose them on remand; yet the clerk's decision not to assess the lump-sum surcharge barred the trial court from imposing this fine on remand. We reject this reasoning.

¶ 35    Although *Wade* considered *Hible* to be flatly inconsistent with *Castleberry*, that conclusion is not necessarily correct. The *Hible* court relied on Rule 604(a), but it apparently overlooked that it was hearing a direct appeal not in a criminal prosecution governed by Rule 604(a) but in a civil proceeding brought under a provision of the Code of Civil Procedure and governed by the rules for appeal in civil cases. That is, *Hible* was not governed by the supreme court rules on which *Castleberry* relied to hold that the appellate court *in a direct appeal by a criminal defendant* may not grant the State's request to impose penalties that the trial court did not impose.

¶ 36    Because there is no inherent bar to the State filing a cross-appeal from a judgment on a section 2-1401 petition, we cannot say definitively that the State would be unable to request relief in that context (or to do so in the trial court via a cross-petition or in response to the defendant's petition). We do note, however, that the State did not file any cross-appeal in *Hible*, making it questionable whether the appellate court had the authority to order the trial court to impose the three fines to which the defendant had not previously been subject.

¶ 37    In any event, the conundrums raised by *Hible*'s distinctive procedural posture must wait for another day for their ultimate resolution. Suffice it to say that we agree with *Wade* and defendant that the spurious fines are void and that, on this appeal, we lack the authority to impose them or order the trial court to do so. Should the State wish to hold the trial court to its statutory obligation, it must find some other way.

¶ 38    We vacate all of the fines assessed by the circuit clerk but not by the trial court. In all other respects, we affirm defendant's conviction and sentence. As defendant has received all the relief that he requested on appeal, we deny the State's request that defendant be assessed the costs for this appeal.

¶ 39    Affirmed in part and vacated in part.