# Illinois Official Reports

## Appellate Court

---

### *People v. Hill*, 2014 IL App (3d) 120472

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE A. HILL, Defendant-Appellant. |
| District & No. | Third District<br>Docket Nos. 3-12-0472, 3-12-0473 cons. |
| Filed | March 13, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Pursuant to defendant's appeal after he pled guilty to failing to register as a sex offender and was sentenced to probation, and then was convicted of aggravated battery and domestic battery while on probation and was sentenced to 30 months in the Department of Corrections for the battery offenses and a concurrent term of 30 months for failing to register after his probation was revoked, the appellate court upheld the trial court's order requiring defendant to pay the DNA analysis fee entered in the battery case and the trial court was directed to correct the mittimus to show two additional days of credit for defendant's presentence incarceration and to enter a written order identifying the amount and nature of each charge ordered by the trial court and then allow the applicable $5-*per-diem* credit in each case. |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, Nos. 09-CF-36, 11-CF-430; the Hon. Stuart P. Borden, Judge, presiding. |
| Judgment | Affirmed in part and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier and Gabrielle Green, both of State Appellate Defender's Office, of Chicago, for appellant.

Stewart J. Umholtz, State's Attorney, of Pekin (Robert M. Hansen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE WRIGHT delivered the judgment of the court, with opinion. Justices Holdridge and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Bruce A. Hill, pled guilty to failure to register as a sex offender (730 ILCS 150/3(a) (West 2008)) and received a sentence of 24 months of probation in case No. 09-CF-36. While on probation for that offense, defendant was convicted of aggravated battery (a Class 3 felony) (720 ILCS 5/12-4(b)(8) (West 2010)) and domestic battery (a Class A misdemeanor) (720 ILCS 5/12-3.2(a)(2) (West 2010)), in case No. 11-CF-430, and the trial court sentenced him to serve 30 months in the Illinois Department of Corrections (DOC). Consequently, the trial court revoked defendant's probation in case No. 09-CF-36 and resentenced defendant to serve 30 months in the DOC, to be served concurrently with the sentence in case No. 11-CF-430.

¶ 2    Defendant appeals both sentences, arguing the trial court improperly required him to pay a $200 deoxyribonucleic acid (DNA) analysis fee in case No. 11-CF-430, failed to properly credit him for time served, and failed to reduce his monetary obligation by allowing a $5-*per-diem* credit against his fines for each day spent in presentencing custody. We affirm the imposition of the $200 DNA analysis fee and remand for the trial court to properly credit defendant for time served.

¶ 3                                                          FACTS
¶ 4    In 1993, the State charged defendant with aggravated criminal sexual abuse in Peoria County case No. 93-CF-835 and defendant was convicted of that offense on July 11, 1995. According to an information sheet from the Illinois State Police (ISP) Division of Forensic Services, defendant's "Blood Liquid" sample for DNA analysis was collected on July 11, 1995. Fifteen years later, on December 31, 2008, defendant was arrested for failure to register as a sex offender based on the 1993 sex offense.

¶ 5    Following his first appearance before the trial court on February 4, 2009, the court set a recognizance bond. In response to defendant's inquiry on that date, the trial court explained

that defendant would not be required to post any money and was not being arrested. Defendant signed the written personal recognizance bond on February 4, 2009.

¶ 6    On September 8, 2009, defendant pled guilty in case No. 09-CF-36 and received a sentence of 24 months of probation for the offense of failure to register as a sex offender. The record shows the clerk did not assess a DNA analysis fee in case No. 09-CF-36. Before defendant's 24-month term of probation expired in that case, defendant was charged with aggravated battery and domestic battery based on a June 10, 2011, incident between defendant and his girlfriend.

¶ 7    Following a jury trial, the jury returned a verdict of guilty for the offense of aggravated battery and domestic battery as charged in case No. 11-CF-430. Subsequently, the court found defendant violated the terms of his 2009 probation, based in part on those new convictions, and conducted a joint sentencing hearing on April 5, 2012, for both case Nos. 09-CF-36 and 11-CF-430. The presentence investigation (PSI) report prepared for the court indicated defendant was in custody for four days after his arrest in case No. 11-CF-430, specifically, June 10 through June 12, 2011, and December 21, 2011.

¶ 8    In case No. 11-CF-430, defendant received a sentence of 30 months of imprisonment in the DOC with 2 days credit for time spent in presentence custody. In addition, the court ordered defendant to pay "the costs plus all mandatory assessments of this proceeding." The trial court's written order stated defendant should submit a DNA sample *and* pay a $200 DNA analysis fee "unless already on file." The clerk's summary included in this record shows the clerk calculated defendant's financial penalties totaling $609, including a $200 "DNA Identification" fee in case No. 11-CF-430. However, the court's order did not identify any specific fine or otherwise indicate a sum certain for the circuit clerk to assess against defendant in case No. 11-CF-430.

¶ 9    In case No. 09-CF-36, the trial court sentenced defendant to a term of 30 months of imprisonment to run concurrent with his sentence in case No. 11-CF-430. Defendant was also ordered to pay "the costs plus all mandatory assessments" of the proceeding, including a DNA fee unless already on file. Defendant was not given any credit for time spent in presentence custody. However, the court's order did not identify any specific fine or otherwise indicate a sum certain for the circuit clerk to assess against this defendant in case No. 09-CF-36. The circuit clerk's case payment sheet shows the clerk assessed a total of $886, including $600 for the previously ordered $25 monthly probation service fees, but did not include a $200 DNA analysis fee following the violation of defendant's probation.

¶ 10    In each case defendant filed a motion to reconsider his sentence. Neither motion challenged the costs, fines, fees or credit for time served in either case. The trial court denied both motions on May 10, 2012.

¶ 11    Defendant filed a timely notice of appeal in both cases, now consolidated for purposes of this appeal. Defendant also appended to his appellate brief an information sheet from the ISP Division of Forensic Services. This information sheet indicates defendant previously submitted a "Blood Liquid" sample on July 11, 1995, with a "STR complete date" of February 9, 2000, "CODIS Own" and "CODIS Confirm" date of February 17, 2000, and an "analysis status" of January 23, 2005.

¶ 12                                                    ANALYSIS

¶ 13          On appeal, defendant requests this court vacate the DNA analysis fee in case No. 11-CF-430, increase the number of days for sentencing credit for pretrial detention in that case from two days to four days, and allow defendant a $5-*per-diem* credit, for a total of $20 credit toward any fines imposed by the court for each day spent in custody. Without addressing procedural default, the State agrees this court should vacate the $200 DNA analysis fee and allow defendant credit for four days spent in custody.

¶ 14          In case No. 09-CF-36, defendant requests at least two days of presentencing credit for time spent in custody and a remand for the trial court to calculate the proper amount of credit for time served before applying the $5-*per-diem* credit. The State opposes remand but concedes defendant should receive a $10 reduction in the $10 child advocacy fee, levied by the clerk, which qualifies as a fine. Because these issues pertain to those of statutory interpretation, our review is *de novo*. *People v. Marshall*, 242 Ill. 2d 285 (2011).

¶ 15                                           I. DNA Analysis Fee

¶ 16          First, we consider whether the issue related to the DNA analysis fee may be decided by this court. Here, the record clearly shows defendant did not preserve the purported error for our review in his motion to reconsider the sentence in case No. 11-CF-430. As in the case at bar, financial issues are being raised for the first time on appeal with increasing regularity. Typically, a defendant may avoid the consequences of procedural forfeiture by claiming the sentence imposed by the trial court is void. The case law provides a void order is subject to challenge for the first time on appellate review. *People v. Thompson*, 209 Ill. 2d 19 (2004). However, defendant does not claim the sentence imposed with respect to the DNA analysis fee in case No. 11-CF-430 is void.

¶ 17          In the interest of maintaining a uniform body of law, *sua sponte*, we consider first whether the court's directive for defendant to pay the DNA analysis fee in case No. 11-CF-430 constitutes a void order that can properly be considered by this court on review. Our analysis of this issue begins with a close examination of the judge's sentencing pronouncement itself. Here, in case No. 11-CF-430, the court ordered defendant to submit a DNA sample *and* pay a $200 DNA analysis fee "unless already on file." This directive is consistent with the holding in *People v. Marshall*, 242 Ill. 2d 285.

¶ 18          On appeal, defendant does not assert the court previously ordered him to submit a DNA sample and pay a DNA analysis fee in case No. 93-CF-835. Instead, defendant relies on an information sheet provided by the ISP Division of Forensic Services showing defendant submitted a "Blood Liquid" sample for analysis on July 11, 1995. Although this document was not presented to the trial court, we will take judicial notice of it, as a public record, and recognize defendant submitted a DNA sample on July 11, 1995. See *People v. Jimerson*, 404 Ill. App. 3d 621 (2010).

¶ 19          In 1995, section 5-4-3 of the Unified Code of Corrections (Code) did not require trial courts to order any convicted felon to submit a DNA sample and pay a DNA analysis fee. 730 ILCS 5/5-4-3 (West 1994). Years after defendant's conviction in case No. 93-CF-835, our lawmakers amended section 5-4-3 to require only certain sex offenders, convicted *after January 1, 1998*, to submit a DNA sample and pay a $500 DNA analysis fee. 730 ILCS

5/5-4-3(a), (j) (West 1998). After August 22, 2002, all felony offenders, rather than simply sexual offenders, were required by statute to submit a DNA sample for analysis and pay a $200 corresponding fee. 730 ILCS 5/5-4-3(a)(3.5) (West 2012). Obviously, defendant provided a DNA sample in 1995, long before a court or other agency had the statutory authority to charge *any* offender a DNA analysis fee pursuant to section 5-4-3, at issue in this appeal.

¶ 20 Both parties cite to *Marshall*, 242 Ill. 2d 285, when urging this court to vacate the partially paid $200 DNA analysis fee in case No. 11-CF-430. However, in *Marshall*, the court held the sentencing order was void because that defendant had at least two previous felony convictions from 2002 and 2005. *Id.* at 289. Here, defendant has not challenged the court's order on the basis of voidness.

¶ 21 Although defendant urges us to consider information published on the Internet from the website "judici.com" when determining whether the clerk improperly assessed two DNA fees in the case now before us, we rely exclusively on the clerk's "payment status information," included in the common law record for our consideration.[1] A careful review of the clerk's costs sheets indicates the clerk imposed one DNA analysis fee, in case No. 11-CF-430, but did not assess a DNA analysis fee in case No. 09-CF-36. Thus, we conclude defendant is obligated to now pay his first DNA analysis fee in case No. 11-CF-430.

¶ 22 Further, the clerk's cost sheets demonstrate the clerk followed the trial court's directive to first apply the $500 defendant paid as bail to the "payment of costs, mandatory assessments, restitution, fines, public defender fees and other assessments owed by the defendant in any other county case." Apparently without objection from defendant, on June 12, 2012, the clerk applied $106 from defendant's bail toward the $200 DNA analysis fee assessed, leaving a balance of $94. We presume this amount collected by the clerk was properly forwarded with dispatch to the State Offender DNA Identification System Fund shortly after imposition in 2012. 730 ILCS 5/5-4-3(k)(2) (West 2012). The State's concession of error fails to consider the partial payment of the DNA fee in this case.

¶ 23 Based on the analysis set forth above, we conclude the record does not show defendant was previously ordered to pay any DNA analysis fee, pursuant to section 5-4-3 of the Code, prior to the date of sentencing in case No. 11-CF-430. Based on this record we are unable to conclude, and the parties do not assert, the court's order requiring defendant to pay a DNA analysis fee in case No. 11-CF-430 constituted a void order.

¶ 24 In addition, we conclude defendant's challenge to the court's order requiring defendant to pay a $200 DNA analysis fee in case No. 11-CF-430 has not been properly preserved for our review and decline to excuse this forfeiture. We affirm the imposition of the DNA analysis fee.

---

[1]Defendant refers to printouts from the "judici.com" website, appended to his brief and dated September 27, 2013. This information, dated more than a year after the court announced the sentence, is not part of the record in this appeal. The practice of attempting to supplement the record without leave of court should be discouraged. See *People v. Green*, 2011 IL App (2d) 091123. Therefore, we disregard the "judici.com" printout and caution the parties from engaging in this practice of attempting to supplement the record with information from the Internet without leave of court.

¶ 25                                    II. Sentencing Credit

¶ 26        Next, defendant argues he is entitled to sentencing credit for four days spent in presentencing custody in case No. 11-CF-430 and for at least two days in case No. 09-CF-36. Pursuant to section 5-8-7(b) of the Code, an offender "shall be given credit *** for time spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-8-7(b) (West 2008).[2]

¶ 27        Section 5-8-7(b) requires that credit be given for all time spent in custody for the same offense. *People v. Whitmore*, 313 Ill. App. 3d 117 (2000). A defendant in custody for any part of the day must be given credit against his sentence for that day. *People v. Johnson*, 396 Ill. App. 3d 1028 (2009). Because sentencing credit for time served is mandatory, a claim of error in the calculation of sentencing credit cannot be waived. *Whitmore*, 313 Ill. App. 3d 117.

¶ 28        In case No. 11-CF-430, defendant was arrested on June 10, 2011, and remained in custody until he posted bail on June 12, 2011. He was again taken into custody following his jury trial on December 21, 2011, and released the same day after posting bail. Here, the trial court only gave defendant two days of credit. Therefore, we direct the trial court on remand to amend the mittimus in case No. 11-CF-430 to reflect two additional days of sentencing credit for a total sentencing credit of four days.

¶ 29        In case No. 09-CF-36, defendant argues the record is ambiguous and he may have spent more than two days in presentence custody. Defendant points to a personal recognizance bond sheet which seems to indicate defendant was released pursuant to a recognizance bond on February 4, 2009, and may have been in custody on that date. This contention is not supported by the record which demonstrates the trial court informed defendant he would not have to post any money following his first appearance and he was not being arrested on that date. The PSI report indicates defendant spent two days in presentence custody. See *People v. Scheib*, 76 Ill. 2d 244 (1979) (upon resentencing following probation revocation, the trial court must grant credit for time spent in presentencing custody on the original offense). Since the trial court did not allow two days credit for time served, we direct the trial court on remand to amend the mittimus in case No. 09-CF-36 to reflect two days of sentencing credit.


¶ 30                                    III. $5-*per-diem* Credit

¶ 31        Defendant argues he is entitled to a $5-*per-diem* credit in case No. 11-CF-430, for a total credit of $20 and a $5-*per-diem* credit, for a total credit of $10, in case No. 09-CF-36, against any fines ordered by the court. We agree defendant would be entitled to receive up to the $5-*per-diem* credit against his fines in each case for time served in presentence custody (four days in case No. 11-CF-430 and two days in case No. 09-CF-36). 725 ILCS 5/110-14 (West 2010).

¶ 32        As previously noted by this court, "trial judges have a complex and tedious task of identifying and ordering the statutory penalties depending on the nature of the offense due to ever-changing statutory requirements created by active lawmakers." *People v. Williams*, 2014 IL App (3d) 120240, ¶ 17 (citing *People v. Holley*, 377 Ill. App. 3d 809, 818 (2007) (Wright, J., specially concurring)). Often, a judge may find it necessary to delegate the task of

---

[2]Now 730 ILCS 5/5-4.5-100(b) (West 2010).

calculating the mandatory statutory charges to the circuit clerk in the interest of judicial economy.

¶ 33    The charges reflected in the clerk's payment sheets include amounts that qualify as fines, such as the child advocacy fees assessed by the clerk and mentioned in the State's brief. It is well established that the clerk of a court, as a nonjudicial member of the court, has no power to impose sentences or levy fines and, instead, only has authority to collect judicially imposed fines. *People v. Williams*, 2013 IL App (4th) 120313, ¶ 16.

¶ 34    Since the clerk's payment sheet does not include the mandatory domestic violence fine, applicable to an aggravated battery conviction involving a victim in a dating relationship with defendant, we suspect the court did not have an opportunity to review or approve the clerk's calculations in either case. See 730 ILCS 5/5-9-1.5 (West 2010); 750 ILCS 60/103 (West 2010). In case Nos. 09-CF-36 and 11-CF-430, the court did not order defendant to pay any specific fine. Based on this record, it is difficult to discern what, if any, fines the court intended to order defendant to pay. Therefore, we remand the matter to the trial court with directions to enter a written order identifying the amount and nature of each charge ordered by the court and, thereafter, allow the applicable $5-*per-diem* credit in each case.

¶ 35                                                    CONCLUSION

¶ 36    The judgment of the circuit court of Tazewell County ordering defendant to pay a $200 DNA analysis fee in case No. 11-CF-430 is affirmed, and both causes are remanded with directions.

¶ 37    Affirmed in part and remanded with directions.