# Illinois Official Reports

## Appellate Court

---

### *People v. Brown*, 2017 IL App (3d) 140907

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER BROWN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0907 |
| Filed | January 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 12-CF-732; the Hon. Carla Alessio-Policandriotes, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier and Andrew J. Boyd, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Presiding Justice Holdridge concurred in the judgment and opinion.<br>Justice Wright dissented, with opinion. |

**OPINION**

¶ 1    Defendant, Christopher Brown, appeals the denial of his request to correct the mittimus to reflect additional presentence custody credit. We vacate and remand with directions.

¶ 2                                    FACTS

¶ 3    On March 29, 2012, the State filed a complaint against defendant. The circuit court in Will County issued an arrest warrant the same day. At the time, defendant was in the custody of Cook County. On May 2, 2012, the circuit court issued a petition for *habeas corpus* asking the Cook County sheriff's department to deliver defendant to the circuit court in Will County on May 9, 2012. Defendant appeared on that day in the custody of the Cook County sheriff's department and a public defender was appointed.

¶ 4    On May 9, 2013, the parties entered a plea agreement in which defendant would plead guilty to home invasion (720 ILCS 5/12-11(a)(1) (West 2010)) and receive a sentence of 11 years' imprisonment. At sentencing, the court asked if the mittimus indicated that defendant would receive presentence custody credit from May 9, 2012, to May 9, 2013. Defense counsel agreed. The court sentenced defendant pursuant to the plea agreement and gave him credit for time served from May 9, 2012, to May 9, 2013. Defendant was also ordered to pay monetary assessments, including, *inter alia*: (1) $30 Children's Advocacy Center fee (55 ILCS 5/5-1101(f-5) (West 2012)), (2) $50 court systems fee (55 ILCS 5/5-1101 (West 2012)), (3) $10 specialized court fee (55 ILCS 5/5-1101(d-5) (West 2012)), (4) $100 crime laboratory analysis fee (730 ILCS 5/5-9-1.4 (West 2012)), and (5) $100 Trauma Center Fund fee (730 ILCS 5/5-9-1.10 (West 2012)).

¶ 5    Defendant did not file a motion to reconsider sentence or a direct appeal, but on October 27, 2014, he filed a *pro se* motion for order *nunc pro tunc* requesting the circuit court correct the mittimus to reflect credit for time he spent in custody in Cook County. The court asked the State to review the motion, and the prosecutor stated, "[Defendant] is looking for time credit when he was in Cook County. However, the time he is looking for was before he was even charged with this crime. He is certainly not entitled to it on this case." The circuit court denied the motion.

¶ 6                                  ANALYSIS

¶ 7    On appeal, defendant argues that (1) he should receive presentence custody credit beginning on the date he was charged and the arrest warrant was issued, equaling an additional 41 days of presentence custody credit, (2) his $100 Trauma Center Fund and crime laboratory analysis fees must be vacated because he was not convicted of any offense that required the imposition of those fees, and (3) he should receive $5-per-day presentence custody credit against his fines.

¶ 8    At the outset, we note that defendant incorrectly labeled his request for additional presentence custody credit as a "Motion for Order *Nunc Pro Tunc*." As *nunc pro tunc* orders may not be used to challenge a court's previous decision, we will construe defendant's motion as a motion to correct the mittimus. See *People v. White*, 357 Ill. App. 3d 1070, 1072-73 (2005).

¶ 9        Section 5-4.5-100(b) of the Unified Code of Corrections states, "[an] offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for the number of days spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-4.5-100(b) (West 2012). Sentencing credit for time served is mandatory and a claim of error in calculating such credit cannot be forfeited. *People v. Hill*, 2014 IL App (3d) 120472, ¶ 27;[1] see also *People v. Johnson*, 401 Ill. App. 3d 678, 680 (2010).

¶ 10       Here, defendant was charged and a warrant was issued on March 29, 2012, while defendant was in the custody of Cook County. While the dissent takes issue with the fact that defendant did not provide any certified records with regard to his custodial standing, we note the State does not dispute that defendant was in the custody of the Cook County sheriff. In fact, the State's appellee brief provides, "The defendant was in the custody of Cook County until his first appearance with Will County on May 9, 2012." We also note that the report of proceedings from the trial court below reveals that both the court and the defense attorney specifically acknowledged that defendant was in Cook County's custody. The report of proceedings and the State's affirmation of the fact are consistent with the information on the Department of Corrections' website. Accordingly, we hold defendant was in simultaneous custody for his Cook and Will County offenses on March 29, 2012.

¶ 11       An offender who is in simultaneous custody on two offenses is entitled to presentence custody credit on the newer offense beginning on the date he or she was charged and became subject to arrest. *White*, 357 Ill. App. 3d at 1075; *People v. Robinson*, 172 Ill. 2d 452, 463 (1996); *Johnson*, 401 Ill. App. 3d at 681-83. Therefore, defendant is entitled to an additional 41 days of presentence custody credit reflecting the period from when he was charged, March 29, 2012, to the date he first appeared in Will County, May 9, 2012.

¶ 12       In coming to this conclusion, we reject the State's reliance on *People v. Williams*, 384 Ill. App. 3d 415, 416-17 (2008), for the proposition that defendant must be held to his plea deal, even where the sentencing credit was wrongly calculated. In *Williams*, the defendant's agreed sentence stated that he would not receive presentence custody credit. *Id.* at 416. Here, defendant's plea agreement did not contain such a prohibition. Therefore, *Williams* is inapplicable.

¶ 13       We further reject the State's reliance on *People v. Seesengood*, 266 Ill. App. 3d 351, 360 (1994), for the proposition that a defendant is not held on charges relating to an offense until a warrant is actually served. *Seesengood* was decided before our supreme court decided *Robinson*, 172 Ill. 2d 452. In *Robinson*, the court determined that a defendant is entitled to sentencing credit for both offenses when he is incarcerated on one charge and his bond is withdrawn or revoked on another charge as he is in simultaneous custody on both charges. *Id.* at 458-59. This court has extended the rule of *Robinson* to give sentencing credit to a defendant at the time the defendant is charged and the arrest warrant is issued. See *People v.*

---

[1] Although this court in *Hill* discussed waiver, we note—as has the supreme court itself—that there is a distinct difference between waiver and forfeiture. See *Buenz v. Frontline Transportation Co.*, 227 Ill. 2d 302, 320 n.2 (2008) ("While waiver is the voluntary relinquishment of a known right, forfeiture is the failure to timely comply with procedural requirements. [Citations.] These characterizations apply equally to criminal and civil matters."). Thus the relinquishment of an argument through failure to bring it in the trial court is properly termed a forfeiture of that argument.

*Chamberlain*, 354 Ill. App. 3d 1070, 1074-75 (2005); *White*, 357 Ill. App. 3d at 1075. We will continue to rely on this line of case law.

¶ 14　　Lastly, the State confesses error regarding the imposition of the Trauma Center Fund and crime laboratory analysis fees and agrees that defendant should receive $5-per-day presentence custody credit against his fines. After reviewing the record, we accept the State's confession. As defendant was not convicted of any of the offenses for which the crime laboratory analysis and Trauma Center Fund fees may be assessed, we vacate those fees. See 730 ILCS 5/5-9-1(c-5), 5-9-1.1, 5-9-1.4, 5-9-1.10 (West 2012); 625 ILCS 5/16-104b (West 2012). The fines subject to presentence incarceration credit that were levied against defendant included the $30 Children's Advocacy Center fee (*People v. Jones*, 397 Ill. App. 3d 651, 660 (2009)), $50 court systems fee (*People v. Smith*, 2013 IL App (2d) 120691, ¶¶ 17-21), and $10 specialized court fee (*People v. Graves*, 235 Ill. 2d 244, 249-55 (2009)). As defendant is entitled $5-per-day credit for 406 days' presentence custody, these fines are reduced to zero. We further note that the fines and fees in section 1 of the criminal cost sheet appear to be miscalculated. We remand for recalculation of defendant's monetary assessments consistent with this order.

¶ 15　　In coming to this conclusion, we acknowledge the dissent's position in *People v. Walker*, 2016 IL App (3d) 140766, ¶¶ 17-28, and *People v. Carter*, 2016 IL App (3d) 140196, ¶¶ 85-86, but we adhere to the majority opinions in those cases.

¶ 16　　　　　　　　　　　　　　　　　CONCLUSION

¶ 17　　The judgment of the circuit court of Will County is vacated and remanded with directions.

¶ 18　　Vacated and remanded with directions.

¶ 19　　JUSTICE WRIGHT, dissenting.

¶ 20　　I respectfully dissent. In this case, defendant did not provide the trial court with any certified records from Cook County to support his motion for additional credit for time served prior to May 9, 2012. Therefore, the trial court correctly denied this request.

¶ 21　　Similarly, defendant has not requested leave to supplement the record with certified copies of the Cook County records showing defendant was in custody in March 2012. Instead, defendant's appendix contains information downloaded from the internet site belonging to the Illinois Department of Corrections (DOC). I am unwilling to rely on the downloaded DOC mittimus because it incorrectly shows defendant was convicted on count I of the charging instrument in the case at bar. I conclude there are likely other inaccuracies with respect to other information on this document.

¶ 22　　The record on appeal is silent and does not conclusively establish whether defendant was in custody in Cook County in March 2012. Under these circumstances, the best way to measure when defendant was in custody on these charges is by considering the date the Will County warrant was served, which occurred on June 6, 2012. See *People v. Seesengood*, 266 Ill. App. 3d 351 (1994). Yet, as part of the agreement, the State agreed to allow credit from defendant's first appearance date in Will County on May 9, 2012, while the warrant was stayed by court order entered on April 26, 2012. I would uphold this plea agreement.

¶ 23    Next, I also dissent with the majority's decision to remand this matter to the circuit court to recalculate monies due. Here, defendant did not timely challenge any fine or court cost recorded by the circuit clerk on May 9, 2013. Once again, like a broken record, I conclude both defendant and the State have forfeited any challenge to the $1086 balance due for the reasons expressed in my dissent in *People v. Walker*, 2016 IL App (3d) 140766, ¶¶ 16-29, and *People v. Carter*, 2016 IL App (3d) 140196, ¶¶ 85-86. I also reject the notion that the clerical errors give rise to a "void" sentence for reasons stated in those dissents.

¶ 24    Before addressing the propriety of defendant's application for the $5 *per diem* credit that is presented to this court, I point out that the $5 *per diem* credit is *not* automatic. The parties often ignore the statute that requires a defendant to first make an "application" before the credit "shall be allowed." 725 ILCS 5/110-14(a) (West 2012). In addition, several fines included in the $1086 total are *not* eligible for the *per diem* credit by statute.

¶ 25    Here, defense counsel understandably did not request the $5 *per diem* credit in the trial court, presumably because the court ordered defendant to pay costs only. Perhaps realizing he has forfeited any challenge to fines incorporated by the circuit clerk as court costs, defendant now applies for the $5 *per diem* credit to offset those fines that can no longer be challenged. This is a sound approach that results in a reduction of the balance due. In *People v. Buffkin*, 2016 IL App (2d) 140792, the court held there is "no impediment" to granting the $5 *per diem* credit defendant requests for the first time when before a reviewing court. *Id.* ¶ 4.

¶ 26    After reviewing this record, I submit defendant has more than enough *per diem* credit to offset every fine eligible for the credit. Yet, the $10 Arrestee's Medical Costs Fee, $100 Crime Lab Fee, and $100 Trauma Center Fee incorporated by the clerk in error as court costs are not eligible to be satisfied through application of the *per diem* credit. Due to procedural forfeiture, I respectfully disagree that these particular fines totaling $210 should be vacated by this court absent agreed revestment by the State.

¶ 27    However, all other unchallenged fines included in defendant's tally sheet should be reduced to zero since the State concedes defendant is entitled to receive at least 365 days of $5 *per diem* credit from May 9, 2012, to May 9, 2013. By my calculations, the costs total $534 and include the following: $125 Clerk's Filing Fee (705 ILCS 105/27.2 (West 2012)), $15 Court Automation Fee (705 ILCS 105/27.3a (West 2012)), $25 Court Security Fee (55 ILCS 5/5-1103 (West 2012)), $15 Document Storage Fee (705 ILCS 105/27.3c (West 2012)), $250 DNA database analysis fee (730 ILCS 5/5-4-3(j) (West 2012)), $104 in Sheriff's Fees (55 ILCS 5/4-5001 (West 2012)), and 725 ILCS 5/124A-5 (West 2012) (extradition costs)).

¶ 28    Therefore, I would remand the case to the circuit clerk with directions to apply the $5 *per diem* credit to all eligible fines, leaving a balance of fines that are ineligible for the *per diem* credit in the amount of $210. The total defendant should be required to pay for the remaining fines and costs should not exceed $744.