**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180656-U

Order filed February 11, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Mercer County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0656 Circuit No. 17-CF-33 |
| | ) | |
| CAINEN L. YOUNG, | ) ) | Honorable Richard A. Zimmer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice McDade and Justice Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant is not entitled to additional credit for time served after May 31, 2017, based on the terms of his negotiated plea agreement in Mercer County.

¶ 2    Defendant, Cainen L. Young, appeals the Mercer County circuit court's denial of his "Motion for Order *Nunc Pro Tunc*" requesting additional credit for presentence time served while in the custody of the Rock Island County jail on separate charges.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On March 10, 2017, two detectives from Mercer County were investigating a report of a suspicious vehicle travelling in Mercer County. Eventually, the officers located the suspicious vehicle and placed defendant in custody after discovering methamphetamine in the vehicle. On March 13, 2017, the Mercer County State's Attorney charged defendant with unlawful possession of methamphetamine (720 ILCS 646/60(b)(3) (West 2016)), methamphetamine delivery (*id.* § 55(a)(1)), aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2016)), fleeing or attempting to elude a peace officer (*id.* § 11-204), two counts of criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2016)), and unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2016)) based on the events that took place in Mercer County on March 10, 2017.

¶ 5        On May 31, 2017, the court granted the Mercer County prosecutor's motion to release defendant on a Notice to Appear, over defendant's objection. During the discussion regarding defendant's release from the Mercer County jail, the trial court noted there were multiple holds on defendant attributable to pending charges in another county and possibly another state. On May 31, 2017, defense counsel advised the court that defendant wished to have the Mercer County charges resolved first and therefore, defendant objected to his release on a Notice to Appear.

¶ 6        Following the court's approval of the State's request to release defendant from the custody of the Mercer County jail on the Notice to Appear, defendant was transported to the Rock Island County jail on May 31, 2017, to answer to charges in that county. Defendant asserts that the Rock Island County charges were resolved by plea agreement on February 6, 2018.

¶ 7        One week later, on February 13, 2018, defendant was transported to Mercer County from the Rock Island County jail for the purpose of entering a guilty plea in Mercer County. On that date, in exchange for his guilty plea to the unlawful possession of methamphetamine charge in Mercer County case No. 17-CF-33, the State agreed to a sentence of eight years' imprisonment and then dismissed the other pending Mercer County charges as part of the negotiated plea agreement. Following the court's approval of the plea agreement, the court stated:

> "THE COURT: *** In accordance with your agreement, you are sentenced to eight years in the [DOC] ***. You will receive all appropriate credit for time served. My understanding is [the State] will draft the order, get the time, get it to your attorney and it will not be presented to me until your attorney has approved it.
>
> [THE STATE]: Quite the contrary, your Honor. We have confirmed now with the jail that [defendant's] proposed dates are the exact dates of 3-10-17 through 5-31-17, a total of 83 actual days."

The court then stated, "So eight years [DOC] credit for time served the dates that you've agreed to, followed by the two years mandatory supervised release. This runs concurrent with 17 CF 218 in Rock Island County." After the court recited the remaining terms, defendant stated "Okay," and further confirmed that he understood the terms of his plea agreement. The amended written sentencing order, entered in April 2018, awarded defendant presentence custody credit for the period of March 10, 2017, to May 31, 2017, as stated during the proceedings in the circuit court of Mercer County.

¶ 8        In July 2018, defendant filed a "Motion for Order *Nunc Pro Tunc*" in Mercer County case No. 17-CF-33, claiming he was entitled to more than 83 days presentence credit and requesting

3

credit on the Mercer County sentence for time spent in the Rock Island County jail after his release from Mercer County on May 31, 2017. Noting the terms of the plea agreement, the Mercer County circuit court denied defendant's motion for additional credit for time served. Defendant appeals.

¶ 9                                  II. ANALYSIS

¶ 10          At the outset, we note that defendant requested a correction of the Mercer County mittimus in July 2018, prior to the enactment of Supreme Court Rule 472. Since the circuit court of Mercer County has had an opportunity to reconsider the amount of time served at defendant's request, in the interest of judicial economy, we conclude our review is not precluded by the parameters of Supreme Court Rule 472(c). Ill. S. Ct. R. 472(c) (eff. Mar. 1, 2019).

¶ 11          Defendant argues the Mercer County circuit court erred by denying his "Motion for Order *Nunc Pro Tunc*," seeking additional credit for the time he spent in the Rock Island County jail, beginning on May 31, 2017, pending resolution of separate criminal charges.[1] Specifically, defendant claims that after his release on a Notice to Appear from the Mercer County jail on May 31, 2017, he was in the *simultaneous* custody of both Mercer County and Rock Island County until his arrival at IDOC on March 1, 2018. We disagree.

¶ 12          Contrary to defendant's contention on appeal, the record reveals defendant was released from the custody of Mercer County on May 31, 2017, over defendant's objection. From the date of his release on the Notice to Appear dated May 31, 2017, until the date of the plea agreement presented in Mercer County on February 13, 2018, defendant was *not* in custody on the Mercer County charges due to his prior release from the Mercer County jail on the Notice to Appear.

---

[1]Defendant labeled his request for a correction to his presentence credit as a "Motion for Order *Nunc Pro Tunc.*" This court has determined *nunc pro tunc* orders may not be used to challenge a court's previous decision. *People v. Brown*, 2017 IL App (3d) 140907, ¶ 8. Therefore, we treat defendant's motion as a motion to correct the mittimus. See *id.*

¶ 13       Moreover, during the presentation of the plea agreement to the court in Mercer County, the parties expressly agreed that defendant would receive exactly 83 days of credit for the time he was in actual custody in *Mercer* County. The record affirmatively establishes that defendant understood and agreed to the terms of his guilty plea in *Mercer* County, which provided that defendant would receive precisely 83 days of presentence credit. The record clearly reveals that the amended Mercer County mittimus properly credited defendant for the 83 days he actually spent in the custody of Mercer County from March 10, 2017, until the date of his release from the Mercer County jail on May 31, 2017.

¶ 14       Finally, with an abundance of caution, we have examined the record and determined that 83 days of credit for time served in Mercer County case No. 17-CF-33 is both accurate and consistent with the Mercer County records. Hence, the parties were not mistaken about the number of days that elapsed before defendant was released from the custody of Mercer County.

¶ 15       In this case, defendant is attempting to modify the terms of the fully negotiated plea agreement, without seeking to withdraw his guilty plea based on a purported misunderstanding of the correct amount of credit for time served. See *People v. Whitfield*, 217 Ill. 2d 177, 190 (2005) ("[W]hen a defendant enters a negotiated plea of guilty in exchange for specified benefits *** *both the State and the defendant* must be bound by the terms of the agreement." (Emphasis in original.); see also *People v. McDermott*, 2014 IL App (4th) 120655, ¶ 27 ("[W]hen a specified amount of sentence credit is included within the terms of a defendant's plea agreement with the State, the defendant is entitled to the amount of sentence credit promised.").

¶ 16       Confining this analysis to the unique record relevant to Mercer County case No. 17-CF-33, we conclude that defendant is not entitled to additional credit for time spent in presentence

custody, beyond the 83 days expressly agreed to as part of the negotiated plea agreement the trial court approved.

¶ 17                                III. CONCLUSION

¶ 18          The judgment of the circuit court of Mercer County is affirmed.

¶ 19          Affirmed.